Argued September 24, reversed and remanded October 19, 1971

# STATE OF OREGON, *Appellant, v.* JAMES GREGORY THOMAS, and GARY ALAN THOMAS (C-60214), *Respondents.*

489 P2d 962

*W. Michael Gillette,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*Jane Edwards,* Portland, argued the cause for respondents. On the brief was Keith Burns, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

SCHWAB, C. J.

This is an appeal by the state, pursuant to ORS 138.060 (4), from a pretrial order granting the defendants' motion to suppress evidence. The question presented is whether the affidavit filed in application for a search warrant disclosed probable cause to support the issuance of a warrant.

In pertinent part, the affidavit stated:

"I, William J. Budrius, Being first duly sworn, on oath, depose and say,

"That I am a police officer employed by the City of Portland, assigned to Narcotics Detail;

"That I spoke with a confidential reliable informant who told me that on August 1, 1970, the informant was present inside the premises at 128 SE 22nd Avenue, where the informant observed a large quantity of substances which was referred to by unknown persons inside the said premises as 'marihuana' and 'LSD', and that the informant observed unknown persons purchasing and using quantities of the said marihuana and LSD at the above premises on August 1, 1970;

"That on August 3, 1970, I spoke with the said informant who told me that the informant was present inside the above described premises within the past twenty-four (24) hours, and that the informant observed a quantity in excess of two (2) kilos of a substance which persons inside the premises told the said informant was marihuana, as well as a quantity of a substance which persons told the said informant was 'acid';

"* * * * *

"That I believe the said confidential reliable informant to be reliable because within the past two (2) years the said informant has furnished me with information leading to the conviction of three (3) persons on narcotics charges, and that within the past week the said informant has furnished me with information leading to seven (7) arrests of persons on charges of Illegal Possession of Narcotics and Illegal Possession of Dangerous Drugs, and that searches of the defendants incident to the above-mentioned seven (7) arrests resulted in seizures of quantities of narcotics or Dangerous Drugs in every instance * * *."

The facts in the affidavit, together with the reasonable inferences to be drawn therefrom, constitute a sufficient showing of probable cause. The facts are the informer:[1] had been instrumental in several prior narcotics arrests; was twice in the premises in question; on the first occasion saw substances being purchased and used as if they were narcotics; on the second occasion "observed a quantity in excess of two (2) kilos" of something; and on both occasions the substances in question were referred to as narcotics.

The reasonable inferences to be drawn are: the informant was able to recognize narcotics, and did recognize them at the premises in question; he was familiar with the "customs" surrounding the purchase and use of narcotics, and observed such at the premises; and his report of an observation of "two kilos" could reasonably mean of marihuana, since such is a standard slang expression for large quantities of marihuana.

[1] The trial judge expressly found the informant to be reliable, and the defendants concede in this appeal that this finding was proper.

The defendants argue that the only indication that contraband was on the premises is the statements of the unidentified persons, and that such cannot constitute probable cause because it is uncorroborated hearsay.[2] We disagree, and hold that there was sufficient probable cause shown based on the direct observations of a reliable informant.

We have tested this affidavit in a common-sense nontechnical manner, looking at both the facts it recites and the reasonable inferences that can be drawn from those facts. *See, United States v. Ventresca,* 380 US 102, 108-09, 85 S Ct 741, 13 L Ed 2d 684 (1965). This is the same standard applied in our earlier cases, for example, *State v. Metler,* 6 Or App 356, 487 P2d 1377 (1971). In *Metler* and its progeny there were no facts from which any operative inferences could be reasonably drawn, whereas in this case the reasonable inferences add up to a showing of probable cause even though the affidavit is far from deserving future emulation.

Reversed and remanded.

---

[2] Even if the sufficiency of the affidavit depended solely on the hearsay, probable cause for issuance of a warrant may have been present. In United States v. Harris, 403 US 573, 91 S Ct 2075, 29 L Ed 2d 723 (1971), four Justices held similar hearsay to be sufficient because it was against the declarant's penal interest:

"* * * Admissions of crime, like admissions against proprietary interests, carry their own indicia of credibility—sufficient at least to support finding of probable cause to search * * *." 29 L Ed 2d at 734.