Argued January 26, reversed and remanded February 17, reconsideration denied March 17, 1976

## STATE OF OREGON, *Appellant,*
### *v.*
## DELORES THEODORA ASHKAR, *Respondent.*
### (No. C 75-01-0351 Cr, CA 4930)
545 P2d 912

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Gary I. Grenley,* Portland, argued the cause for respondent. With him on the brief was N. Robert Stoll, Portland.

Before Schwab, Chief Judge, and Foley and Lee, Judges.

FOLEY, J.

**FOLEY, J.**

The state appeals from a circuit court order allowing defendant's motion to suppress evidence which included a quantity of heroin seized by officers of the Portland Police Bureau pursuant to a search warrant issued by the Multnomah County District Court. The complication in this case stems from the fact that the officer making the affidavit relied upon a reliable informant who utilized an "unidentified party" in connection with his investigative activity. The circuit court concluded that the affidavit submitted in support of the warrant did not provide probable cause for issuance of the warrant because the court found that the source of the information recited therein was the unidentified party, who was not shown to be reliable.

It is undisputed that the supporting affidavit executed by a narcotics officer of the Portland Police Bureau adequately alleged the reliability of the informant who had previously provided the officer with information leading to the arrest of persons involved in drug sales in the Portland area and also established that the informant was aware of the physical appearance of heroin and the manner in which it is packaged for illicit sales.[1] The affidavit further recited that

[1]The affidavit stated in pertinent part:

"That on January 28, 1975, I was in contact with a confidential, reliable informant who in the past has supplied to me a considerable amount of information regarding illicit drug trafficking and persons who are involved in burglaries and the fencing of stolen property in the Portland Metropolitan area;

"That I believe my informant to be reliable because my informant has in the past supplied information which resulted in the seizure of a large quantity of stolen property, that this property was verified to be stolen at the time of seizure and was traceable to specific locations where these items had been stolen. That the recovery of this quantity of stolen merchandise was resultant of information supplied to me by this informant. That when the warrant was executed and said quantity of stolen property was seized four persons were arrested and charged with the crime of criminal activity in drugs and possession of stolen property. That the value of the stolen property was well in excess of $2,000.00. That the informant has further purchased for me at my direction in the past amphetamine tabs which I did analyze and found

"within the past two weeks" the officer's informant "has become aware of a location on SW Wood[s] Street where illicit sales of heroin are occurring on a regular basis" and that the officer's informant went to a specified residence on Woods Street "on at least five occasions" with an unidentified party who drove the informant to the residence. On each occasion the unidentified party entered the premises while the informant waited in the car in front of the residence. After a short visit, the unidentified party returned to the car "with a white powder substance packaged in paper envelopes" which the unidentified party referred to as heroin.

The circuit court which allowed defendant's motion to suppress concluded that the source of the incriminating information recited in the affidavit was the unidentified party whom the informant accompanied to the defendant's residence. The court considered the affidavit inadequate because the unidentified party was not shown to be reliable.

On appeal the defendant also suggests a construction of the affidavit which focuses on the unidentified party as the primary source of the incriminating information. The state contends that the statements and observations of the informant alone, relied upon by the affiant, constituted probable cause for issuance of the warrant. Further, the state argues that the references to an unidentified party in the affidavit may be considered surplusage for purposes of determining whether the informant's personal observations constituted probable cause. We conclude that the personal observations of the informant communicated to the officer constituted probable cause for issuance of the warrant.

the tabs to be amphetamine tabs. That my informant further informs me that my informant has used a variety of narcotics and dangerous drugs, to wit, amphetamine tabs and heroin and my informant is well aware of the physical appearance of heroin and amphetamine in both tablet and powder form and is also aware of the physical nature of and appearance of heroin and the manner in which heroin is packaged for illicit sales."

■ The facts set forth in the affidavit were that the informant who had proven reliable in the past informed the officer that, having become aware that illicit sales of heroin were occurring at a location on Woods Street, he had driven to a particular house on that street on at least five occasions within the past two weeks with an unidentified party who entered the house while the informant waited in the car in front of the residence; the unidentified party returned to the car shortly thereafter with a white powder packaged in a paper envelope; the unidentified party stated that the contents of the envelope was heroin; the affidavit also stated that the informant had himself used heroin in the past and was aware of the physical appearance of heroin and the manner in which it was packaged for illicit sales. Disregarding the statement made by the unidentified party, the reasonable inference to be drawn from these facts is that the informant had observed the unidentified party apparently make purchases of heroin in a particularly described residence on several recent occasions. Although the personal observations of the informant were not recited by the officer in such fashion as to be a model for search warrant affidavits, the facts stated therein, together with the reasonable inferences to be drawn from those facts, constituted a sufficient showing of probable cause to believe that the narcotic drug heroin was present in the residence. *State v. Thomas,* 7 Or App 50, 489 P2d 962 (1971).

■ A court should not invalidate a warrant by interpreting an affidavit in an overly-technical manner. *United States v. Ventresca,* 380 US 102, 85 S Ct 741, 13 L Ed 2d 684 (1965); *State v. McDonald,* 253 Or 533, 456 P2d 80 (1969); *State v. Garza,* 21 Or App 807, 537 P2d 114, Sup Ct *review denied* (1975). By examining the affidavit in this case in a commonsense, nontechnical manner, we conclude that probable cause for issuance of the warrant may properly be inferred from the direct observations of the informant, irrespective of the statements of the unidentified purchaser of the

heroin concerning the contents of the envelopes. Although the affidavit does not contain a specific allegation that the informant identified the substance as heroin, such an inference may reasonably be drawn from the affidavit as a whole. We conclude, then, that the incriminating information provided by the informant constituted probable cause for issuance of the warrant. *See also State v. Tacker,* 241 Or 597, 407 P2d 851, 10 ALR3d (1965); *State v. Hodge,* 11 Or App 525, 504 P2d 143 (1972).

Reversed and remanded.