In the Matter of the Application for a
Writ of Habeas Corpus.
PENDERGRASS, *Appellant,*
*v.*
TOOMBS, *Respondent.*
(No. 91163, CA 5072)
546 P2d 1103

*R. Craig McMillin,* Salem, argued the cause for
appellant. With him on the brief was D. Michael Mills,
Salem.

*Al J. Laue,* Assistant Attorney General, Salem,
argued the cause for respondent. With him on the brief
were Lee Johnson, Attorney General, and W. Michael
Gillette, Solicitor General, Salem.

*Ross R. Runkel,* Salem, filed the brief amicus curiae
for La Leche League International.

Before Schwab, Chief Judge, and Foley and Fort,
Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

This is a habeas corpus proceeding. Petitioner was pregnant at the time she was committed to the Oregon Women's Correctional Center, having been found guilty of the crimes of attempted murder and assault. She was taken to a Salem hospital for the birth of her child and a few days thereafter was separated from the child and returned to the Correctional Center. The Superintendent of the Correctional Center refused to grant her temporary leave so that she could be with and breast-feed her child. Petitioner then commenced this proceeding, contending that the Superintendent's denial of this request violated her rights under the Ninth and Fourteenth Amendments to the United States Constitution.[1]

■ Petitioner claims too much. She contends that the right to breast-feed her child is a part of the right to rear and educate one's children, citing *Meyer v. Nebraska,* 262 US 390, 43 S Ct 625, 67 L Ed 1042 (1923), and *Pierce v. Society of Sisters,* 268 US 510, 45 S Ct 571, 69 L Ed 1070 (1925). The right to rear children involves more than just breast-feeding and is a right of fathers as well as mothers. The state agrees that such a right is a constitutional right and it agrees that in the unlikely event that a governmental unit would attempt to interfere with breast-feeding by a *free citizen,* the action would undoubtedly be held to be unconstitutional on the basis of cases cited by the petitioner.

■ The petitioner does not contend that incarceration as punishment for crime is unconstitutional. The exercise of certain constitutional rights is incompatible with incarceration. One of those incompatible rights is the right to rear children; during a period of incarceration that right must give way to the right of the state to incarcerate. To hold otherwise would be to hold that no parent of an unemancipated child can be impris-

---

[1] It is interesting to note that petitioner does not suggest that the rights she contends are her due could have been granted by having the child brought to the Correctional Center.

oned for the commission of a crime. We do not think either the Federal or Oregon Constitution demands this wholly unrealistic alternative. The trial judge correctly dismissed the petition.

Affirmed.