Argued November 16, 1977, remanded for resentencing February 7, reconsideration denied March 15, 1978

STATE OF OREGON, *Respondent,*
*v.*
MARILYN K. FISHER, *Appellant.*
(No. 76-3697, CA 8627, No. 76-3698, CA 8628,
No. 76-3699, CA 8629, No. 77-2284, CA 8630)
(Cases consolidated)
574 P2d 354

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for appellant. With her on the briefs was Gary D. Babcock, Public Defender, Salem.

John W. Burgess, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

Defendant pled guilty to four violations of ORS 165.013, forgery in the first degree. On appeal she challenges one of the conditions of her probation and asserts a three-year sentence imposed was "excessive."

Three of the charges involved forgery of checks totalling $373. The fourth charge involved defendant's use of a stolen credit card to charge purchases totalling $134.50. At her sentencing defendant claimed that each situation arose because of lack of supervision and because of drug use.[1] The court sentenced her to three years on a $33 check charge, then placed her on probation for five years on the other two check charges and required restitution of $340 within four years. Defendant was subsequently given a two-year suspended sentence on the credit card charge and was placed on probation on condition that she pay restitution of $134.50 within four and a half years. In the instances in which defendant was placed on probation, the court further imposed as a condition of probation that

> "* * * the Defendant shall consent to the search of her person, premises, or any vehicle she may be operating at any time of the day or night by a police officer or probation officer for the purpose of determining whether or not the Defendant has any drugs in her possession or any use of any drugs."

Defendant contends that the requirement to submit to warrantless search for drugs "was not reasonably related to the offenses of which she was convicted or to her rehabilitation" and, further, that the condition violates her Fourth Amendment right against unreasonable searches. The state has made no response

---

[1] At the sentencing counsel said:

"* * * I would submit that primarily these are situations that have occurred when she's not been under supervision, and as a result, in part, due to drug involvement. It would be Defendant's recommendation that the probationary period be instituted with strict supervision of the Defendant, as far as any drug involvement, as far as her associates are concerned * * *."

to these contentions in its brief, having chosen to argue only that defendant cannot, under ORS 138.050, challenge a condition of probation on an appeal after a guilty plea. That question has never been squarely decided by this court, but we have considered challenges to conditions of probation where no issue of our power to do so has been raised. *See State v. Fuller,* 12 Or App 152, 504 P2d 1393, *rev den* (1973); *State v. Allen,* 12 Or App 455, 506 P2d 528, *rev den* (1973). *State v. Gates,* 230 Or 84, 368 P2d 605 (1962), properly read, would only preclude an appeal where imposition of sentence was suspended and probation granted. Whether *Gates* is still the law is doubtful. *See* ORS 138.050, as amended by Oregon Laws 1977, ch 372, § 14. In *Stacey v. State,* 30 Or App 1075, 569 P2d 640 (1977), we held that a probation order is within the meaning of the word "sentence" in ORS 138.530(1)(c) because ORS 138.040 so defined the term, and we could see no reason to construe the word more narrowly for post-conviction relief purposes. Similarly, we can see no reason why our practice of reviewing conditions of probation in cases such as this should not be continued.

In *State v. Culbertson,* 29 Or App 363, 369, 563 P2d 1224 (1977), we had occasion to reconsider the standards regulating the Fourth Amendment relationship of a probationer and a probation officer enunciated in *State v. Davis/Travis,* 9 Or App 412, 496 P2d 923, *rev den* (1972). In searching for "a middle way which better satisfies all interests," we began by saying, "a probationer is a free person possessed of all civil rights except those which are taken away from him for probationary purposes. * * *" We went on to say that a court has "the broadest possible power to formulate *appropriate* conditions in each case," (emphasis supplied) but noted that the discretion granted is not shapeless.

In that case there was no necessity to attempt to circumscribe precisely the limits on conditions that may be imposed on probationers, and it cannot fairly

[ 468 ]

be authority for the words used here. *Culbertson* posits that any conditions imposed must reasonably aid the objectives of supervised probation. Police officers are *not, per se,* part of the probation process. Moreover, *Culbertson* implies that where the conditions diminish constitutionally protected expectations of privacy they should be tested by the necessities for making probation effective. The broad terms of the condition here seem not to be demonstrably in aid of probation or required to make probation effective.

■ It might be argued that the infirmities in the condition imposed here could be met by interpretation, i.e., it should be read as if it said something like "by a police officer called to assist a probation officer or by a probation officer." Such a reading might achieve the court's actual intention, but to place on the defendant the risk of testing that interpretation would be fundamentally unfair. Justice should not await the event. Recognition of the competing interests and the practical requirements of supervised probation could properly require that defendant consent to searches in reasonable furtherance of probation supervision by her probation officer or by a police officer assisting or acting at the request or with the knowledge and consent of the probation officer.

■ Defendant contends that her three-year sentence was "excessive" under Art I, §§ 15[2] and 16,[3] of the Oregon Constitution and ORS 138.050.[4] The sentence

---

[2]Or Const, Art I, § 15 provides:

"Laws for the punishment of crime shall be founded on the principles of reformation, and not of vindictive justice."

[3]Or Const, Art I, § 16, provides:

"Excessive bail shall not be required, nor excessive fines imposed. Cruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense * * *."

[4]ORS 138.050 provided at the time of judgment in pertinent part:

"A defendant who has pleaded guilty or no contest may take an appeal from a judgment on conviction where it imposes an excessive fine or excessive, cruel or unusual punishment. * * *"

was within the five-year maximum sentence authorized under ORS 165.013. We find nothing "excessive" about it.[5]

Remanded for resentencing.

**LEE, J.,** dissenting.

At the time of sentencing, defendant argued that drugs were part of the reason the offenses had been committed and urged that the court require close supervision. In light of the defendant's own contentions that lack of supervision and drug use precipitated her crimes, the warrantless search condition of the sentence was, in my opinion, reasonably related to the reformation of defendant and the protection of the public, so we should affirm. *Cf. People v. Mason,* 5 Cal 3rd 759, 762, 97 Cal Reptr 302, 488 P2d 630 (1971), *cert den* 405 US 1016 (1972), in which a condition of probation requiring a narcotics offender to "submit his person, place of residence, vehicle, to search and seizure at any time of the day or night, with or without a search warrant, whenever requested to do so by the Probation Officer or any law enforcement officer" was held valid. We went too far in *State v. Culbertson,* 29 Or App 363, 563 P2d 1224 (1977).

I find no reason why this case should be remanded for resentencing.

---

[5]No issue is raised on this appeal concerning the propriety of imposing probation to follow a term of imprisonment, and we express no opinion on the question.