Argued December 21, 1977, reversed and remanded for resentencing May 30, 1978

STATE OF OREGON, *Respondent,*
*v.*
JONI LYNN HOLM, *Appellant.*
(No. 77 0863, CA 8842)

579 P2d 860

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for appellant. With her on the briefs was Gary D. Babcock, Public Defender, Salem.

[ 503 ]

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the briefs were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Johnson, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Defendant challenges two conditions of her probationary sentence: (1) that she

> "* * * shall submit her person, place of residence or vehicle to search and seizure with or without a search warrant at any time, day or night, whenever requested to do so by her Probation Officer, any person of the employ of the Corrections Division, or any Peace Officer";

and (2) that she

> "* * * is absolutely prohibited from association with any person who has ever been convicted of any crime, which includes the defendant's husband, Richard Howard Holm * * *."

The state's initial brief contended that these matters cannot be considered on appeal from a judgment on a plea of guilty.

## I

In *State v. Fisher,* 32 Or App 465, 574 P2d 354 (1978), we held that conditions of probation are reviewable on appeal. More recently, in *State v. Dinkel,* 34 Or App 375, 579 P2d 245 (1978), we noted that the standard of review is as stated in both ORS 138.040 and 138.050: whether the sentence "is cruel, unusual or excessive in light of the nature and background of the offender or the facts and circumstances of the offense." The principle that emerges from *Fisher, Dinkel* and our other prior cases[1] is that a condition of probation that violates some constitutional provision makes the sentence "excessive" as a matter of law. And even in the absence of constitutional error, we have authority to hold that a condition of probation is a clear mistake. *State v. Dinkel, supra,* 34 Or App at 387.

---

[1] *E.g., State v. Culbertson,* 29 Or App 363, 563 P2d 1224 (1977); *State v. Fuller,* 12 Or App 152, 504 P2d 1393, *rev den* (1973), *aff'd* 417 US 40, 94 S Ct 2116, 40 L Ed 2d 642 (1974).

## II

■ The condition on defendant's probation requiring submission to searches by "any Peace Officer" is too broad an intrusion on defendant's Fourth Amendment rights. *State v. Fisher, supra.* This cause must therefore be remanded for resentencing.

## III

■ Defendant argues the condition on her probation that prohibits her associating with her own husband violates her First and Fourteenth Amendment rights to freedom of association and marital privacy.[2] She may well be correct—at least the condition imposed is questionable in a sensitive constitutional area; but we decline to reach the issue on the present record.

We do not have the benefit of the presentence report or the trial court's statement of reasons for the sentence imposed because defendant was sentenced before 1977 amendments became effective requiring them. *See State v. Dinkel, supra.* Since defendant must be resentenced because of the *Fisher* problem, and the 1977 amendments are now in effect, on any further review we will be able to consider both the presentence report and the trial court's statement of reasons. Moreover, the record indicates that defendant's husband was awaiting sentencing at the time defendant was sentenced. If her husband was incarcerated, defendant's present contention may well be moot.

Reversed and remanded for resentencing.

---

[2] *Carey v. Population Services International,* 431 US 678, 97 S Ct 2010, 52 L Ed 2d 675 (1977); *Roe v. Wade,* 410 US 113, 93 S Ct 705, 35 L Ed 2d 147 (1973); *Loving v. Virginia,* 388 US 1, 87 S Ct 1817, 18 L Ed 2d 1010 (1967); *Prince v. Massachusetts,* 321 US 158, 64 S Ct 438, 88 L Ed 645 (1944); *cf. Pierce v. Society of Sisters,* 268 US 510, 45 S Ct 571, 69 L Ed 1070, 39 ALR 468 (1925); *cf. Pendergrass v. Toombs,* 24 Or App 719, 546 P2d 1103 (1976).