Argued March 6, affirmed as modified June 20, 1978

STATE OF OREGON, *Respondent,*
*v.*
SHARLEEN FRANCIS MARTIN, *Petitioner.*
(CA 8116, SC 25643)

580 P2d 536

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for petitioner. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent.

BRYSON, J.

**BRYSON, J.**

This appeal concerns the validity of a condition of probation in a criminal case. The trial judge ordered, inter alia, that after defendant's release from the penal institution she was "absolutely prohibited from association with any person who has ever been convicted of a crime," including her husband. Defendant appealed, contending that this condition violated her right to marital privacy. The Court of Appeals affirmed from the bench, 30 Or App 674, 568 P2d 722 (1977). We granted review.

In January 1976, in another case, defendant was placed on probation following a conviction for forgery. That probation is not in issue here. On January 28, 1977, defendant admitted violating the conditions of her 1976 probation and also entered a plea of guilty to two new charges of forgery. The trial court sentenced her to four years' imprisonment for violating probation and for committing one of the two forgeries.

For the other forgery, here involved, the court placed defendant on five years' probation, to run concurrently with the four-year prison sentence. It is this five-year probation order that imposes the condition that defendant not associate with her husband. The reason the trial court imposed the condition was that defendant's counsel had argued at sentencing that defendant's husband was largely to blame for defendant's crimes. Counsel stated:

> "\* \* \* \* \*.
>
> "From my investigation and my understanding of the whole circumstance, I would represent to the Court that Mrs. Martin [defendant] is not as morally culpable as her husband is in this whole regard. She's benefitted very little by the passing of all these checks. Unfortunately from her regard, she is the only one that has been apprehended for the prosecution of these checks. \* \* \*"

This argument boomeranged, as shown by the following colloquy between court and defense counsel:

"[Counsel]: Your Honor, there is one condition [of probation], that she make no contact with anyone that knowingly — with anyone that's had a conviction for a crime.

"THE COURT: Yeah.

"[Counsel]: I think the record shows that her husband is in that circumstance.

"THE COURT: Well —

"[Counsel]: And I don't know what their future marital status is gonna be.

"THE COURT: I don't know what their future marital status is, but as I understand the situation, apparently the more culpable of the two is her husband. If that's the trouble that she's going to get into while she's running around with him, no matter whether she be lawfully married to him or not lawfully married to him, for the term that she's going to be on probation, she's going to have to make other arrangements.

"[Counsel]: Well, I believe I have to say that's an inconstitutional [sic] provision, your Honor. I think that's deprivation of her right to privacy or association.
"* * * * *.

"THE COURT [to defendant]: * * * [H]as your husband ever been convicted of a crime?

"THE DEFENDANT: Yes.

"THE COURT: I am aware he has been convicted of a crime. I am aware that apparently, one, from what the record shows that these crimes were committed by Mrs. Martin in association with and in conjunction with her husband, and if those aren't right, if—those facts are correct, aren't they, Mrs. Martin?

"THE DEFENDANT: Yes.

"THE COURT: All right. * * *"

Although defendant raised a constitutional argument at sentencing, and again here, we resolve this case under the applicable statutes. The preliminary issue is whether defendant, who voluntarily entered a

plea of guilty, may challenge any condition of probation.[1] At the time defendant was sentenced, ORS 138.050 provided that:

> "A defendant who has plead guilty * * * may take an appeal from a judgment on conviction where it imposes an excessive fine or excessive, cruel or unusual punishment. * * * On such appeal, the appellate court shall only consider the question whether an excessive fine or excessive, cruel or unusual punishment *not proportionate to the offense has been imposed.* * * *." (Emphasis added.)

Under a plain reading of this statute, a probation order is appealable if it is "a judgment on conviction." ORS 138.040 provides, in part, that a "judgment * * * placing a defendant on probation shall be deemed a judgment on a conviction * * *." In the absence of clear legislative intent to restrict this provision to ORS 138.040, we hold that this provision makes a probation order a judgment on conviction for the purposes of ORS 138.050 and is thus appealable.[2] This result is consistent with the American Bar Association's Standards Relating to Probation § 1.1(e) (Approved Draft 1970).

The next issue is the scope of our review of probation conditions. Our earlier cases tended to treat probation as an act of extraordinary grace and left the

---

[1] The Court of Appeals has recently held that such a defendant may appeal a condition of probation under the 1977 version of ORS 138.050, Oregon Laws 1977, ch 372, § 14. *State v. Fisher,* 32 Or App 465, 574 P2d 354 (1978) (petition for review pending).

[2] In *State v. Gates,* 230 Or 84, 368 P2d 605 (1962), decided before the language making a probation order a judgment on a conviction was added to ORS 138.040, we said that even if a probation order could be considered a judgment on a conviction, it would not be appealable because terms of probation could never be excessive, cruel or unusual when imposition of sentence is suspended. 230 Or at 92. We said, however, "[o]f course the legislature may grant an appeal from even a judgment 'in suspense' if it so desires." ORS 138.050 expressly provides that judgments on conviction may be appealed. When the legislature provided that probation orders were judgments on conviction, it must have contemplated that some probation conditions could be excessive, cruel or unusual. To the extent that *Gates* stands for the contrary proposition, it is no longer controlling. · ·

[ 587 ]

determination to the sole discretion of the trial judge.[3] The initial decision of whether to grant probation is, of course, still left to the trial judge's discretion; however, the statutes as discussed above limit that discretion as to the permissible conditions of probation. The 1975 version of ORS 138.050, applicable to this case, provided that "the appellate court shall only consider the question whether an excessive fine or excessive, cruel or unusual punishment not proportionate to the offense has been imposed."[4] In the context of ORS 138.050, which requires proportionality, an "excessive or unusual punishment" is one that is unrelated to the offense or that goes beyond that necessary to accomplish the purpose of the punishment. The purposes of probation include rehabilitation and the freedom of the individual, as long as these are consistent with public safety. *Sobota v. Williard,* 247 Or 151, 153, 427 P2d 758 (1967); *Barker v. Ireland,* 238 Or 1, 4, 392 P2d 769 (1964). Thus, a condition of probation that is not related to the offense or does not promote public safety or rehabilitation is not permitted under the statute.[5]

---

[3] *Barker v. Ireland,* 238 Or 1, 4, 392 P2d 769 (1964); *State v. Montgomery,* 237 Or 593, 392 P2d 642 (1964). The vast majority of convicts are placed on probation rather than given prison sentences. In fiscal 1974, for example, over 70% of defendants were placed on probation. W. Snouffer, Criminal Justice Standards in Oregon 15-3 (1975). It is thus unrealistic to approach a probation case as one of unusual clemency when probation is in fact resorted to by the trial courts in the majority of cases.

[4] This language was changed in 1977 to read: "* * * [T]he appellate court shall only consider the question whether an excessive, cruel or unusual punishment has been imposed." Oregon Laws 1977, ch 372, § 14. However, the omission of the "proportionate" language in this part of the statute was replaced by new language in the first part of ORS 138.050, which now reads: "A defendant who has pleaded guilty * * * may take an appeal from a judgment on conviction where it imposes a sentence that is cruel, unusual or excessive in light of the nature and background of the offender or the facts and circumstances of the offense * * *." We conclude that the 1977 version of the statute retains the concept of proportionality and makes it more explicit.

[5] *Compare* American Bar Association, Standards Relating to Probation § 3.2(b):

"Conditions imposed by the court should be designed to assist the probationer in leading a law-abiding life. They should be reasonably related to his rehabilitation and not unduly restrictive of his liberty or incompatible with his freedom of religion * * *."

An appellate court can test conditions of probation for compliance with this standard only if the sentencing court makes a record. Such a record need not be exhaustive, and often the facts brought out in the criminal trial will themselves be an adequate record to show that the conditions of probation are appropriate.

■ In this case, the trial court made only the findings set out above in colloquy with defense counsel. Such findings might have been sufficient to support a condition of probation that defendant not associate with her former partner in crime, had that person not been her spouse. However, under the proportionality principle of ORS 138.050, the justification for interfering with statutory rights of the probationer[6] must be greater than the justification for a lesser invasion, and where fundamental rights are involved the sentencing court has less discretion to impose conditions in conflict therewith. In the case at bar, the sentencing court should have determined from the record whether as a matter of fact the spouse would be a bad influence so as to endanger rehabilitation or public safety and, if so, what interference with marital rights less than complete separation would serve to protect society's interests. The factual record in this case is incomplete, and the court did not consider whether a lesser interference with defendant's marriage would serve[7]

---

[6]The state concedes, as it must, that marriage is such a right. *See also,* ORS 137.275, which provides:

"Except as otherwise provided by law, a person convicted of a felony does not suffer civil death or disability, or sustain loss of civil rights or forfeiture of estate or property, but retains all of his rights, political, civil and otherwise, including, but not limited to, the right to vote, to hold, receive and transfer property, to enter into contracts, *including contracts of marriage,* and to maintain and defend civil actions, suits or proceedings." (Emphasis added.)

[7]At the time of imposing sentence, and particularly the condition of probation which would prevent defendant from association with her husband in the future, the trial court stated he was relying on *State v. Allen,* 12 Or App 455, 506 P2d 528, Sup Ct *review denied* (1973). In *Allen* the trial court imposed a condition of probation that the defendant was not to marry one Williams without court approval. Williams' parole officer

to rehabilitate the defendant and secure the safety of society.

For these reasons and under the limited circumstances shown by this record, the condition of probation that defendant not associate with persons convicted of a crime must be narrowed to exclude defendant's husband.[8]

Affirmed as modified.

---

testified that Williams, while on parole under a 20-year sentence as an habitual criminal, had committed numerous other crimes and that defendant's criminal activity was related to her association with Williams. The defendant was not married, as here. *Allen* merely stands for the proposition that the trial court has wide discretion in probation matters and "that the court would revoke for violation only if the probationee knowingly associated with persons convicted of crimes which would be likely to adversely affect his rehabilitation. To do otherwise would be an abuse of the court's discretion." *Compare State v. Dinkel,* 34 Or App 375, 579 P2d 245 (1978); *State v. Holm,* 34 Or App 503, 579 P2d 860 (1978).

[8]From the record before us, it appears that defendant's husband has fled the jurisdiction and his whereabouts are unknown.