Argued July 18, reversed and remanded for resentencing September 18, 1978

STATE OF OREGON, *Respondent,*
*v.*
LOVELL JONES, *Appellant.*
(No. 77-08-12171, CA 10303)

584 P2d 349

James E. Mountain, Jr., Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

JOSEPH, J.

**JOSEPH, J.**

Defendant appeals from the judgment on a guilty plea for forgery in the first degree. ORS 165.013; 138.050.

Sentencing was transferred to the judge before whom a probation revocation on a previous criminal activity in drug conviction was pending. The court suspended imposition of sentence on the forgery charge and placed defendant on five years probation, supervision to commence upon the defendant's release from custody on his three-year sentence on the criminal activity in drug charge. The judgment provided that the defendant "shall be subject to search of his person, property and automobile or premises * * * without consent and without search warrant, by his probation officer or a state peace officer, in good faith pursuit of the conditions and purposes of probation."

■ Appellant contends that that condition does not withstand the tests enunciated in our recent decisions of *State v. Fisher,* 32 Or App 465, 574 P2d 354, *rev den* (1978), and *State v. Holm,* 34 Or App 503, 579 P2d 860 (1978). In *Holm,* at 506, we said "The condition on defendant's probation requiring submission to searches by 'any Peace Officer' is too broad an intrusion on defendant's Fourth Amendment rights." In *Fisher* we noted that a permissible construction of the warrantless and unconsented search condition imposed there was that police officer involvement would be limited to acting as a probation officer's agent.

Similarly, an interpretation of the condition in this case might approve police intervention only in instances where the action was at the request or direction of a probation officer. However, when the language of a condition is ambiguous, "to place on the defendant the risk of testing that interpretation would be fundamentally unfair." *State v. Fisher, supra,* 32 Or App at 469. In view of defendant's criminal activity in drug conviction, we find nothing invidious in imposing

a search provision as a condition to probation, but searches should expressly be limited to those occasions when a police officer is acting as agent of a probation officer.

■ Appellant's second assignment is that the imposition of a five-year term of probation, commencing immediately but necessarily extending beyond the three-year period of confinement to which the defendant was contemporaneously sentenced, on another charge, was unlawful. The order was within the statutory authority of the court. ORS 137.010(2); *State v. Dinkel,* 34 Or App 375, 579 P2d 245 (1978).

Reversed and remanded for resentencing.