Argued September 25, resubmitted in banc December 12, remanded for resentencing December 18, 1978

STATE OF OREGON, *Respondent,*
*v.*
CINDY HOVATER, *Appellant.*
(No. 77-109 C, CA 10427)

588 P2d 56

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Allison Smith, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

RICHARDSON, J.

## RICHARDSON, J.

Defendant appeals an order revoking her probation. She contends certain conditions of her probation are unconstitutional and that the court erred in revoking her probation. We affirm.

Defendant had originally been charged with two counts of criminal activity in drugs. On September 22, 1977, she appeared for entry of a guilty plea. She was represented by counsel. The court inquired if there had been plea negotiations. The district attorney replied there had been and upon request of the court recited the results of the plea bargaining. He stated defendant agreed to plead guilty to one of the two charges, that she would be placed on three years probation, that if she successfully completed her probation the charge would be considered a misdemeanor and that during probation she would submit to polygraph examinations and would waive her Fourth Amendment rights. It was also agreed she would pay a $500 fine. Defendant's attorney stated he advised her not to accept the conditions relating to the polygraph examination or the waiver of her Fourth Amendment rights. Defendant orally stated, in response to questions from the court, that she had agreed to these terms contrary to her lawyer's advice.

The court placed the defendant on three years probation with the following conditions which had been agreed upon:

"* * * * *

"2. That she take a lie detector test conducted by the Oregon State Police upon the request of the District Attorney's office or the court;

"* * * * *

"4. That defendant is subject to a search of any residence in which she is living and any vehicle in which she is traveling, and to search of her person without a search warrant, said search to be at the direction of the District Attorney's office and it is understood that police officers may assist in this search;

"* * * * *."

[ 559 ]

On January 10, 1978, the district attorney sent a letter to defendant's attorney notifying him the defendant was to appear at the Klamath County Courthouse on January 17, 1978, to submit to a polygraph examination. On January 17, 1978, defendant went to her attorney's office and was told he was in court. She then appeared at the district attorney's office where an investigator and a polygraph operator were prepared to conduct the test. The polygraph examiner had come from Medford to Klamath Falls to conduct the test. Defendant told the investigator that she refused, on advice of counsel, to take the examination until her attorney had had a chance to review the questions to be asked. She was advised by the investigator this would be considered a refusal to take the polygraph examination.

Defendant was arrested the following day on a probation violation warrant. She spent two days in jail before being released on her own recognizance. Following a hearing the court revoked her probation on the ground she had unreasonably refused to submit to the polygraph examination in violation of the terms of her probation. She was sentenced to two days in jail, and given credit for the two days already served. The court reinstated her probation with all the conditions previously imposed to remain in effect.

Defendant in essence challenges the order revoking her probation on two grounds. First, she argues that the two conditions of probation set out above cannot constitutionally be imposed and are not reasonably related to her probation and thus invalid under the principles announced in *State v. Fisher,* 32 Or App 465, 574 P2d 354 (1978), and *State v. Holm,* 34 Or App 503, 579 P2d 860 (1978). Secondly, she asserts if the requirement that she submit to a polygraph examination is valid, she did not violate the condition by insisting on the assistance of counsel.

In *State v. Martinez,* 35 Or App 381, 581 P2d 955, *rev den* (1978), we held a defendant may not challenge

conditions of probation after the time to appeal the sentencing order had run. At the time of the probation revocation hearing the statutory time to appeal the sentencing order had expired. Consequently, defendant's contention that revocation was improper because the conditions of probation as they existed at that time were invalid must fail.

■■ The issues as to the validity of these probation conditions is preserved insofar as the previous conditions were reimposed by the order here appealed. The order of the court provided, after stating the motion to revoke probation was allowed:

> "IT IS FURTHER ORDERED that probation granted by order of the court dated September 22, 1977, be and it hereby is reinstated, with all conditions to remain in full force and effect."

The order clearly revoked defendant's probation and at that point it was terminated. ORS 137.550(2) provides a court, upon revocation of probation, may "impose any sentence which originally could have been imposed."[1] This would include imposing a term of probation since that would be a sentence which could have been originally imposed.[2] An order imposing probation after revoking the original probation is appealable.

In *State v. Wilson,* 17 Or App 375, 521 P2d 1317 (1974), the defendant challenged a condition of probation that required her to submit to a polygraph examination. She had signed a stipulation that she would take a polygraph test every 90 days. We held since she had agreed to that condition she could not now assert it was a violation of her constitutional rights against self-incrimination. Defendant argued the stipulation was not a voluntary choice since she was faced with a choice of agreeing to the condition of

---

[1] The court could have modified the probation and included a condition that defendant serve a period of incarceration. ORS 137.540. We do not read the order as a modification of probation.

[2] Consecutive probation periods based on a conviction cannot exceed the maximum period that could originally have been imposed for that conviction.

probation or accepting a period of incarceration. We held that unattractive choice did not vitiate her waiver of Fifth Amendment rights.

The state argues, under the rationale of *State v. Wilson, supra,* the defendant had agreed during plea negotiations to submit to the polygraph test and the specified searches and cannot now challenge them.

In *State v. Culbertson,* 29 Or App 363, 563 P2d 1224 (1977), we discussed the extent of a probationer's freedom and the propriety of restricting his freedom by conditions of probation. We indicated a court may, for probationary purposes, require as a specific condition of probation that a probationer consent to warrantless searches or waive his right to refrain from self-incrimination. Although that discussion in *Culbertson* was not necessary to the decision, we adopted that rationale in *State v. Fisher, supra. See also State v. Holm, supra.* A court may constitutionally require a defendant to submit to warrantless searches or a polygraph examination as a condition of probation as long as such conditions are reasonably necessary to make probation effective.

The implication of the state's argument is that since defendant agreed to these terms of probation she cannot challenge them as too broad. This argument assumes the court has no involvement in the sentencing process. The court, not the district attorney or the defendant, is given the authority to impose a sentence. The court has the discretion to suspend imposition or execution of a sentence of incarceration and place a defendant on probation with conditions designed to accomplish the purposes of probation. In *State v. Martin,* 282 Or 583, 580 P2d 536 (1978), the Supreme Court said the purposes of probation include rehabilitation and the freedom of the individual, as long as these are consistent with public safety. The sentencing court has the responsibility to determine as a matter of fact whether the conditions of probation are reasonably related to the offense for which the defendant was

convicted or to the needs of an effective probation. This responsibility cannot be adequately discharged by simply accepting the agreement of the parties as to the conditions of probation.

The district attorney and the police are not part of the probation process. They have no direct responsibility to supervise probation or to facilitate rehabilitation of the defendant. Their primary responsibility is to ferret out crime and to prosecute the offender. In the give and take of plea negotiations the district attorney does not necessarily have rehabilitation in mind when negotiating the terms of probation. He may simply be attempting to facilitate future investigation of crimes. The court, not being a party to plea negotiations, is not aware of the factors which produced the agreed upon conditions. In the exercise of discretion the court has the ultimate responsibility to determine if the terms of probation, as designed, will reasonably accomplish the purposes of probation. Accepting the results of a plea bargain without being aware of the factors which produced the stipulated conditions is not a proper exercise of discretion.

■■ The terms of probation are not simply guidelines for the defendant's future conduct they are in some measure the court's instructions to the Corrections Division in carrying out its responsibility to supervise the probation. The court has continuing jurisdiction over the probationer and may revoke the probation if the terms and conditions are not met. It follows that when a court imposes a term of probation, with the attendant condition, it is not merely formalizing the agreement of the parties, it is exercising statutory discretion. Whatever the parties may have agreed upon the court must impose proper conditions of probation.

■ The factual record in this case is incomplete. There is no basis to determine if periodic polygraph tests or warrantless searches are reasonably necessary to accomplish the purposes of probation. The only facts

[ 563 ]

the court had at its disposal were that defendant admitted the police searched her house and found over an ounce of marijuana and that she was charged with two separate counts of criminal activity in drugs along with her husband. She pleaded guilty to one count and the other was dismissed. There must be a factual basis for the court to exercise its discretion in designing the terms of probation and for us to review the exercise of probation. *See State v. Martin, supra.* The case is remanded for the court to conduct a hearing to determine what conditions of probation are proper and if the court determines it is proper to require defendant to submit to polygraph examinations and to warrantless searches to draw the conditions consistent with the principles set out in *State v. Fisher* and *State v. Holm, supra.*

■ Defendant next contends she was not in violation of her probation by requesting the assistance of counsel prior to taking the test. She argues that a probationer cannot be denied the right to consult with counsel prior to submitting to the polygraph examination. That, however, is not the issue. She and her attorney were notified of the scheduled test approximately a week in advance. She had ample time to consult with counsel. Defendant voluntarily agreed to take the polygraph test as a condition of probation. She cannot impose her own conditions on compliance with the probation requirements. Under the circumstances her conditional submission of the test was properly considered a refusal and a violation of her probation.

In summary we conclude defendant cannot challenge the conditions of her probation as they existed at the time of the probation violation hearing. The time for appeal had run. We hold the court did not abuse its discretion in finding she had violated the terms of her probation and in revoking her probation. We hold the order reinstating probation under the same conditions is appealable and that while the court may constitutionally require the defendant to submit to polygraph

tests and to warrantless searches there is no factual basis in the record for such conditions. In addition, if in resentencing a factual basis is developed, the conditions respecting the polygraph tests and the searches must be narrowly drawn to conform to *State v. Fisher* and *State v. Holm, supra.*

Remanded for resentencing.

**SCHWAB, C. J.,** dissenting in part.

I would not remand for resentencing, because, unlike the majority, I do not interpret the court's order as revoking probation and then imposing a new sentence of probation, but, rather, as an order continuing the defendant on probation. There was but a single order entered. It reads in pertinent part:

"* * * [T]he court having found that the defendant did unreasonably refuse to submit to a polygraph examination * * * in violation of condition #2 of said probation order, and having allowed said motion to revoke probation; therefore,

"IT IS HEREBY ORDERED that the defendant be and she hereby is sentenced to be confined in the Klamath County jail for a period of two days, which has been served; and

"IT IS FURTHER ORDERED that probation granted by order of the court dated September 22, 1977, be and it hereby is reinstated, with all conditions to remain in full force and effect."

Lee, J., joins in this dissent.