Argued October 19, 1978, reversed and remanded for resentencing
February 20, 1979

STATE OF OREGON, *Respondent,*
*v.*
JESSE LEE AGE, *Appellant.*
(No. 77-128 C, CA 9998)

STATE OF OREGON, *Respondent,*
*v.*
ALAN DALE HICKS, *Appellant.*
(No. 77-211 C, CA 10351)
(Cases consolidated)
590 P2d 759

S. Randall Johnson, Certified Law Student, Salem, argued the cause for appellants. With him on the brief were Gary D. Babcock, Public Defender, and Maryann Oswald, Deputy Public Defender, Salem.

Kathryn A. Logan, Certified Law Student, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

Defendants in this consolidated appeal were jointly tried and convicted for criminal activity in drugs (possession of more than one ounce of marijuana). Defendant Age was sentenced to five years on probation and defendant Hicks was sentenced to four years on probation. They have raised three assignments of error on appeal, each of which is discussed below.

I. Denial of Motion to Suppress

Defendants contend that the affidavit filed in support of a search warrant did not describe the premises to be searched with sufficient particularity to establish probable cause to authorize the issuance of the warrant. Therefore, it is argued, evidence derived from the ensuing search should have been suppressed.

Defendants' argument is based on the following portion of the affidavit executed by a police officer in support of the application for a warrant:

"* * * I learned the following information by talking to a confidential reliable citizen, a private citizen who resides at Klamath Falls, Klamath County, Oregon on May 26, 1977 and who advised me that on May 26, 1977 she went to a residence on Biehn Street in Klamath County, Klamath Falls, Oregon and spoke with an individual named Alan Hicks, who from my own personal knowledge I know Alan Hicks to reside at 2307 Biehn Street. The citizen informed me that at the residence she requested to purchase marijuana from Alan Hicks. Hicks advised the citizen that he did not have any marijuana at the time, but to return at 5:30 on May 26, 1977 at which time she could make the purchase. * * *"

Defendants contend that the affidavit did not state that the informant actually went to Hicks' residence at 2307 Biehn Street. While the contention is technically correct, such affidavits are to be tested in a common-sense, nontechnical manner, *State v. Ashkar,* 24 Or App 447, 545 P2d 912 (1976), looking at both the facts it recites and the reasonable inferences that can be drawn from those facts. *State v. Thomas,* 7 Or App 50,

489 P2d 962 (1971). A reasonable inference that can be drawn from the facts stated in the affidavit is that the informant talked to Alan Hicks at his residence and was told to return to that residence, which was the same residence described by the officer in his affidavit. The trial court found, and we agree, that the facts and reasonable inferences drawn therefrom, taken together, advised the magistrate that the informant went to Hicks's residence at the address stated, and that information, with the remaining facts set forth in the affidavit[1] constituted a sufficient showing of probable cause to support the search warrant. The motion to suppress was properly denied.

II. Denial of *In Camera* Examination of Unnamed Informant

■  At trial, defendants filed motions to controvert, supported by an affidavit designed to show a substantial basis under ORS 133.693 for questioning the good faith, truthfulness, or accuracy of the evidence pre-

---

[1] In pertinent part, the affidavit stated:

"* * * I learned the following information by talking to a confidential reliable citizen, a private citizen who resides at Klamath Falls, Klamath County, Oregon on May 26, 1977 and who advised me that on May 26, 1977 she went to a residence on Biehn Street in Klamath County, Klamath Falls, Oregon and spoke with an individual named Alan Hicks, who from my own personal knowledge I know Alan Hicks to reside at 2307 Biehn Street. The citizen informed me that at the residence she requested to purchase marijuana from Alan Hicks. Hicks advised the citizen that he did not have any marijuana at the time, but to return at 5:30 on May 26, 1977 at which time she could make the purchase. Furthermore, I have been a police officer for over 6 years and have been at over 5 schools where I was trained in the identification of marijuana, and I have made over 12 investigations involving a substance I believed to be marijuana which was later tested by the police crime lab and determined to be marijuana. The citizen has proven herself reliable to me on 2 previous occasions where the information provided me by the citizen directly resulted in the arrest of persons for possession of marijuana, furthermore, the substance obtained in the 2 investigations was later tested by the crime lab and was determined to be marijuana. Through my investigations within the last 6 months, the citizen has also made other purchases of marijuana at my direction although the subjects were not arrested. Because of possible threats against the citizen for providing me with the above information and because I may be able to receive information from the citizen in the future concerning criminal activity, I desire the identity of the informant to remain confidential."

[ 504 ]

sented by the affiant for the search warrant. The trial judge found that defendants had not met their burden under ORS 133.693(3) and that the confidential informant existed and was reliable[2] as required by ORS 133.703(b).[3] The latter two determinations were based upon the testimony of Officer Simon and defendant Hicks. The trial judge complied fully with the statutory requirements. Defendants argue on appeal that denial of an *in camera* examination of the confidential

---

[2] ORS 133.693 provides in pertinent part:

"(1) Subject to the provisions of subsection (2) of this section, in any proceeding on a motion to suppress evidence the moving party shall be entitled to contest, by cross-examination or offering evidence, the good faith, accuracy and truthfulness of the affiant with respect to the evidence presented to establish probable cause for search or seizure.

"(2) If the evidence sought to be suppressed was seized by authority of a search warrant, the moving party shall be allowed to contest the good faith, accuracy and truthfulness of the affiant as to the evidence presented before the issuing authority only upon supplementary motion, supported by affidavit, setting forth substantial basis for questioning such good faith, accuracy and truthfulness.

"(3) In any proceeding under subsection (2) of this section, the moving party shall have the burden of proving by a preponderance of the evidence that the evidence presented before the issuing authority was not offered in good faith, was not accurate and was not truthful.

"* * * * *

"(5) The court shall determine whether, under applicable law, any inaccuracy, untruthfulness or lack of good faith requires suppression."

[3] ORS 133.703 provides:

"(1) In any proceeding on a motion to suppress evidence wherein, pursuant to ORS 133.693, the good faith of the testimony presented to establish probable cause is contested, and wherein such testimony includes a report of information furnished by an informant whose identity is not disclosed in the testimony, the moving party shall be entitled to prevail on the motion to suppress and evidence obtained as a result of the information furnished by the informant shall be suppressed unless:

"(a) The evidence sought to be suppressed was seized by authority of a search warrant and the informant testified in person before the issuing authority; or

"(b) The judge determines from the affiant by a preponderance of the evidence that such confidential informant exists and is reliable.

"(2) If the defendant is entitled to prevail on the motion to suppress under subsection (1) of this section, the evidence obtained as a result of the information furnished by the informant shall be suppressed."

informant infringed upon their constitutional rights to due process and confrontation of witnesses. An *in camera* examination is not constitutionally required where the "informant's role does not go beyond the preliminary state of providing facts which helped form the basis of probable cause" for the search warrant, *State v. Jessie,* 17 Or App 368, 371-73, 521 P2d 1323 *rev den* (1974). There is nothing in the record to suggest that an *in camera* hearing would have affected the result in this case. The judge must determine from the *affiant* that the informant exists and is reliable. ORS 133.703(b). In this case the existence of the informant was verified by defendant Hicks, who testified he asked the informant back to his house for a "date." The trial judge expressly found that Hicks' version was not believable, and that, in general, he was not a credible witness and that Officer Simon, the affiant, was credible, on the basis of which the judge found the informant was reliable.

Accordingly, the trial court did not err in denying defendants' request for an *in camera* examination of the unnamed informant.

### III. Constitutionality of Conditions of Probation

The defendants contend that several of the conditions of their respective probations, which are set forth in the margin,[4] are unconstitutional and thus invalid

---

[4]The trial court required, as a condition of probation, that defendant Age:

"* * * * *

"2. * * * take lie detector tests at the request of his probation officer or the district attorney's office, said tests to be conducted by the Oregon State Police, and the results of all such tests shall be forwarded immediately to the district attorney's office;

"3. That the results of any such lie detector tests are admissible in any probation revocation proceedings;

"* * * * *."

For defendant Hicks, the court required the following conditions in addition to those required of defendant Age:

"7. * * * is subject to a search of any residence in which he is living and any vehicle in which he is traveling, and to a search of his

under the principles announced in *State v. Martin,* 282 Or 583, 580 P2d 536 (1978), and *State v. Fisher,* 32 Or App 465, 574 P2d 354 (1978). Those cases hold that conditions of probation are invalid unless they are reasonably related to the offense for which the defendant was convicted or to the needs of an effective probation.

A. Polygraph Tests

■ A condition of each of the probations involved herein is that the defendant-probationer submit to "lie detector" (polygraph) tests at the request of his probation officer or the district attorney's office, and that the results of any such tests be admissible in any probation revocation proceedings. While we have discussed such a condition in prior cases, we have not held squarely that requiring a probationer to submit to a polygraph test is valid. In *State v. Wilson,* 17 Or App 375, 521 P2d 1317 (1974), *cert den* 420 US 910 (1975), the question was presented, but we held that since the defendant had agreed to the polygraph stipulation, we would not reach the constitutional issue as to whether the condition was an unconstitutional infringement upon defendant's Fifth Amendment right against self-incrimination. In *State v. Hovater,* 37 Or App 557, 588 P2d 56 (1978), we rejected that contention, stating that the trial court may not simply accept the agreement of the parties as to the conditions of the probation. However, we held in *Hovater* that there was no basis in the record to determine if periodic polygraph tests were reasonably necessary to accomplish the purposes of probation, and remanded the proceedings for the development of a factual basis for the condition.

---

person without a search warrant, said search to be at the direction of either the defendant's probation officer or the district attorney's office, and it is understood that police officers may assist in this search;

"8. That evidence seized during such search and any fruits of such evidence can be used in probation revocation proceedings and can be used in the prosecution of other charges which are separate and distinct from the probation revocation."

The statutory foundation for the trial court's determining conditions of probation is ORS 137.540,[5] subsection (1)(e) of which provides that the probationer shall "answer all reasonable inquiries of the probation officer." Defendants do not contend that the statutorily authorized condition unconstitutionally infringes their rights against self-incrimination; indeed, without such a condition probation would be a chancy and probably ineffective alternative to incarceration. Since the probationer must answer all reasonable inquiries of the probation officer or risk revocation, we see no impermissible extension of that condition in requiring that the probationer submit to polygraph tests. The intrusion into the area of self-incrimination is no greater; its main function appears to be the added psychological factor that if the probationer fails to tell the truth, he will be detected. Such purpose would be in furtherance of a successful probation.

Accordingly, we hold that a condition requiring the probationer to submit to polygraph tests does not violate the defendants' Fifth Amendment rights, and

[5] ORS 137.540(1) provides:

"(1) The court shall determine, and may at any time modify, the conditions of probation, which may include, as well as any others, that the probationer shall:

"(a) Avoid injurious or vicious habits.

"(b) Avoid places or persons of disreputable or harmful character.

"(c) Report to the probation officer as directed by the court or probation officer.

"(d) Permit the probation officer to visit him at his place of abode or elsewhere.

"(e) Answer all reasonable inquiries of the probation officer.

"(f) Work faithfully at suitable employment.

"(g) Remain within a specified area.

"(h) Pay his fine, if any, in one or several sums.

"(i) Be confined to the county jail for a period not to exceed one year or one-half of the maximum period of confinement that could be imposed for the offense for which the defendant is convicted, whichever is the lesser.

"(j) Makes restitution to the victim as provided in ORS 137.106.

"(k) Support his dependents.

"(L) Remain under the supervision and control of the Corrections Division."

that the condition may be imposed, in the discretion of the trial judge, with no more than a general finding of the court that it is reasonably necessary to accomplish the purpose of probation.

However, requiring the defendants to submit to a polygraph test at the request of the district attorney is not proper. *State v. Hovater, supra.*

B. Warrantless Search

Our cases dealing with the probationer's submitting to a warrantless search as a condition of probation, except for *State v. Culbertson,* 29 Or App 363, 563 P2d 1224 (1977), have dealt with overbroad conditions which would permit "any peace officer," *State v. Jones,* 36 Or App 271, 584 P2d 349 (1978); *State v. Holm,* 34 Or App 503, 579 P2d 860 (1978), a "police officer," *State v. Fisher, supra,* or "the district attorney's office," *State v. Hovater, supra,* to conduct or authorize the search. In each of those cases, we held that the condition was overly broad with respect to who could conduct the warrantless search. *Hovater* is squarely on point with respect to permitting the District Attorney's office to order or conduct the search, and we adhere to that holding.

There is, however, the requirement that the condition of probation be reasonably related to the offense for which the defendant was convicted or to the needs of an effective probation. *State v. Martin, supra; State v. Hovater, supra.* In *State v. Fisher, supra,* the defendant pled guilty to four counts of forgery in the first degree, and at the time of sentencing indicated that part of her problem was involvement with drugs. The trial court, in placing defendant on probation, imposed as a condition that the defendant consent to the search of her person, premises, or any vehicle she may be operating at any time "for the purpose of determining whether or not defendant has any drugs in her possession or any use of any drugs." We upheld the imposition of that condition, except that portion permitting the search to be conducted by a police

officer. In *State v. Jones, supra,* we stated that in view of defendant's criminal activity in drugs, there was nothing invidious in imposing a warrantless search provision as a condition to probation.

■ Lest *State v. Hovater, supra,* be construed to require the trial court to make special findings which would justify imposing as a condition of probation that a defendant convicted of criminal activity in drugs, or other drug offense, submit to a search without a warrant, we now hold that such a condition is permissible with respect to drug offenses so long as it is under the direction and control of the probation officer.[6]

Accordingly, we reverse and remand both cases for resentencing.

---

[6]We note that the orders in both cases purport to decide in advance what use may be made of "evidence" derived either from the polygraph test or from the search. Neither of those provisions is assigned as error, and we express no opinion with respect to either of them.