Argued and submitted June 17,
reversed and remanded for trial August 10,
reconsideration denied October 2,
petition for review denied October 27, 1981 (291 Or 893)

## STATE OF OREGON,
*Appellant,*

*v.*

## DANIEL HARVEY, JR.,
*Respondent.*

## (C 80-10-33823; CA A20028)

632 P2d 487

Rudolph S. Westerband, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Gregory Kafoury, Portland, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warden, J., and Joseph, C. J.*

BUTTLER, P. J.

_____

* Joseph, C. J., *vice* Warren, J.

**BUTTLER, P. J.**

Prior to his trial for unlawful possession of a controlled substance, ORS 475.992, defendant moved to suppress evidence seized after a search of a residence pursuant to a warrant. The trial court granted the motion and, upon being advised by the state that it was then unable to proceed, dismissed the information. The state appeals under ORS 138.060(3). We reverse and remand for trial.

The affidavit, after setting forth the bases for the reliability of the affiant's informant, which is not contested, went on to state in pertinent part:

> "This informant informed me that controlled substances, namely heroin, were being offered for sale in the residence of 2538 N.E. Killingsworth, #1; based on this information I transported my informant to 2538 N.E. Killingsworth which is an apartment complex. I searched my informant to ensure that there were no narcotics and dangerous drugs on my informant's person; I gave the informant a quantity of money and sent the informant into 2538 N.E. Killingsworth, #1, for the purpose of purchasing narcotics or dangerous drugs; the informant entered 2538 N.E. Killingsworth, #1, and after a period of time exited and came to my location; the informant produced a small plastic bag scotch taped containing a brown substance the informant stated was heroin; the informant stated that Daniel Harvey Sr. a male negro, sixty years of age, 5' 8", 175 pounds with a bad eye sold him the heroin. The informant stated that Daniel Harvey Sr. was also in possession of further quantities of heroin. I, being familiar with heroin, transported it to the Special Investigations Division where I caused a test to be preformed *[sic]* on the suspected heroin. The results of that test indicated that it was heroin. I also submitted the heroin to the Oregon State Crime Laboratory for identification."

Defendant's motion to suppress conceded that the affidavit was adequate to establish probable cause to search the defendant, but contended that the affidavit did not "allege facts sufficient to establish probable cause to search the premises." The trial court allowed the motion on the basis that the affidavit failed to identify the owner or person in control of the premises.

██ The state contends that the validity of a search warrant does not depend on identifying the property owner. We agree. The Fourth Amendment to the United States Constitution and Article I, section 9, of the Oregon Constitution require that a search warrant particularly describe the place to be searched. *State v. Blackburn/Barber,* 266 Or 28, 34, 511 P2d 381 (1973). The specificity of the description must be such that "the officer with the search warrant can with reasonable effort ascertain the identity of the place intended." *Steele v. United States No. 1,* 267 US 498, 503, 45 S Ct 414, 69 L Ed 757 (1925), quoted in *State v. Blackburn/Barber, supra,* 266 Or at 35. The focus of the specificity requirement is on the place to be searched; that specificity is not in question here. The name of the owner of the premises is not essential to the validity of a search warrant. *Dixon v. United States,* 211 F2d 547 (5th Cir 1954); *see also, United States v. Besase,* 521 F2d 1306 (6th Cir 1975).

█ The affidavit must, of course, establish probable cause to search the premises, and defendant contends that it does not do so here, because all it establishes is that defendant sold some heroin from the premises the day the affidavit was executed and the warrant issued. On that basis, he urges that no probable cause existed to justify a search of the premises. This contention, however, overlooks the statements in the affidavit that the reliable informant had informed the affiant that controlled substances were being offered for sale in the residence and that, when taken there by the affiant, the informant purchased heroin from defendant at that address and told the affiant that defendant had more heroin. That information is sufficient to support a finding of probable cause that illegal activity was being carried on at that address and that controlled substances probably would be found there. The affidavit does not limit the presence of heroin available at the premises to the defendant's person.

██ Affidavits in support of warrants "* * * are to be tested in a commonsense, nontechnical manner [citation omitted], looking at both the facts it recites and the reasonable inferences that can be drawn from those facts, * * *." *State v. Age,* 38 Or App 501, 503, 590 P2d 759 (1979).

Further, where the existence of probable cause is marginal, the decision should be tempered by the preference to be accorded warrants. *State v. Tidyman,* 30 Or App 537, 541, 568 P2d 666, *rev den* (1977).

Because we conclude that the affidavit was sufficient, the motion to suppress should have been denied and the proceedings should not have been dismissed.

Reversed and remanded for trial.