Argued April 19, affirmed July 30, 1979

STATE OF OREGON,
*Respondent,*

*v.*

JOSEPH RICHARD DAVIS,
*Appellant.*

(No. 78-3329, CA 12737)

597 P2d 1280

David E. Groom, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Buttler and Joseph, Judges.

THORNTON, J.

## THORNTON, J.

Following conviction on plea of guilty for Illegal Possession of Dangerous Drugs (hashish), defendant appeals claiming that the trial court erred in (1) failing to establish a schedule for payment of costs to be made during probation, and (2) imposing the condition of probation requiring defendant's consent to all searches.

■ On the first assignment, defendant's objection, coming for the first time on appeal, is not timely. ORS 137.106(3); *State v. Starn*, 37 Or App 914, 587 P2d 1031 (1978).

As to the second assignment, the challenged condition of probation provided as follows:

"5. Defendant shall consent to the search of his person, place or residence or motor vehicle at any time of the day or night by his probation officer or any law enforcement officer assisting his probation officer for the purpose of determining whether or not defendant has in his possession any illegal controlled substances, without being accorded, as a condition thereof, any constitutional or statutory rights precedent to such search."

Defendant contests the validity of the search condition on the ground that the condition is overbroad, not related to the purposes of probation and therefore unconstitutional.

■ Contrary to defendant's contention, the condition is appropriate and reasonably related to the purpose of probation of a convicted narcotics offender. We construe the condition to require defendant's consent prior to a search, but that he may not refuse such consent without being in violation of a condition of probation. As so construed, the language is sufficiently similar to that approved by this court in *State v. Fisher*, 32 Or App 465, 574 P2d 354, *rev den* 283 Or 99 (1978).

Affirmed.