Argued and submitted November 21, 1991, affirmed February 12, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# DEWEY RAY GILKEY,
*Appellant.*

(89CR1320; CA A66860)

826 P2d 69

Sally L. Avera, Public Defender, Salem, argued the cause and filed the brief for appellant.

Janet A. Metcalf, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

■    The issue is whether a trial court may impose, as a condition of probation, a requirement that defendant receive permission from the court or a probation officer before he contacts his wife.

In 1989, defendant pled guilty to possession of a controlled substance (methamphetamine). ORS 475.992(4)(a). He was placed on two years' probation. In the probation revocation proceeding from which he appeals, defendant admitted that he had violated the conditions of his probation by committing the crime of assaulting his wife; in return, the state dismissed charges of assault and harassment, also involving his wife. The court continued defendant's probation and imposed the special condition that he not associate with his wife without the written permission of either a probation officer or the court.

Defendant argues that the special condition does not relate to his possessory offense, does not serve the goals of probation and constitutes an excessive infringement on his fundamental right to associate with his marriage partner.

■    A trial court "may impose special conditions of probation for the protection of the public or reformation of the offender, or both." ORS 137.540(2). However, if those probationary conditions affect fundamental rights, as here, the sentencing court must determine "whether as a matter of fact the spouse would be a bad influence so as to endanger rehabilitation or public safety and, if so, what interference with marital rights less than complete separation would serve to protect society's interests." *State v. Martin*, 282 Or 583, 589, 580 P2d 536 (1978).

We are satisfied that the limits placed on defendant's contact with his wife secure the public's safety and interfere with his marital rights only to a permissible degree. The record reveals that the special condition was imposed in response to defendant's history of probation violations. The trial judge said:

"I think at this time that [the special condition] is more than justified. [Defendant] has pled guilty to harassment and I believe that involved physical abuse. This one again involved

physical confrontation with his wife. He is back in front of the Court for that. There was another probation violation, as I recall, related to an assault or resisting arrest, assaulting a police officer."[1]

The record shows that, when defendant was convicted of possession and placed on probation in 1989, he was also placed on three years' probation on a conviction of harassment. In January, 1990, he was found to have violated the conditions of his possessory offense probation and was sentenced to six months in jail. In May, 1990, he was found to have violated the conditions of probation on both the possession and the harassment convictions. His probation for the possessory offense was extended for an additional year and, as a result of his having violated the terms of his harassment-based probation, he was sentenced to 60 days in jail, with no early release allowed. Finally, on September 13, 1990, he was again found in violation of his possessory offense probation. At that hearing, he admitted to assaulting his wife, ORS 163.160(1)(a), and was ordered not to contact her without written permission. A witness report alleged that defendant had been seen choking his wife and shoving her back into their residence.[2]

In sum, defendant has been convicted of harassing his wife, has been placed on probation for that offense and has violated the conditions of that probation. The latest probation revocation hearing, from which defendant appeals, was based on the allegation that he had committed a new crime of assaulting and harassing his wife. Defendant admitted that he had again assaulted her. The record supports the conclusion that contact by defendant presents a threat to her safety.

The trial judge gave recognition to defendant's marital rights by not requiring that he refrain from *any* contact with his wife. We conclude that the special condition imposed on defendant is amply justified by his record, is the minimal

---

[1] A probation officer claimed that, while on probation, defendant had failed to attend anger control treatment sessions, had tested positive for amphetamines, had become verbally and physically abusive toward a police and a probation officer, had broken a police officer's nose and had admitted to having a problem controlling his anger.

[2] Defendant's wife told the police only that defendant had held her by the arm, pushed her up against a wall and forcefully kissed her, causing her mouth to become "a little sore."

restraint on his marriage necessary to serve the protection of society's interests, *State v. Martin, supra*, and is reasonably related to the needs of effective probation. *State v. Sprague*, 52 Or App 1063, 1066, 629 P2d 1326, *rev den* 291 Or 514 (1981).

Affirmed.