IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

APRIL, 1998 SESSION

FILED

September 10, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | No. 03C01-9704-CR-00154 |
| | ) | |
| Appellee, | ) | |
| | ) | Washington County |
| vs. | ) | |
| | ) | Honorable Arden L. Hill,  Judge |
| **D'SHANNON H. GOINS,** | ) | |
| | ) | (Sentencing) |
| Appellant. | ) | |

FOR THE APPELLANT:

DEBORAH HUSKINS
Assistant Public Defender
First Judicial District
P.O. Box 996
Johnson City, TN   37605

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

 ELIZABETH B. MARNEY
Assistant Attorney General
Criminal Justice Division
425 Fifth Ave. North
Second Floor, Cordell Hull Building
Nashville, TN 37243-0493

DAVID E. CROCKETT
District Attorney General
Rt. 19, Box 99
Johnson City, TN 37601

KENT GARLAND
Assistant District Attorney General
P.O. Box 38
Jonesborough, TN 37659

OPINION FILED: _____

**AFFIRMED IN PART,
REVERSED IN PART
AND REMANDED**

CURWOOD WITT
JUDGE

**OPINION**

The defendant, D'Shannon H. Goins, was convicted in a jury trial in the Washington County Criminal Court of simple assault, a Class A misdemeanor. The trial court sentenced him to serve eleven months and twenty-nine days with all but the first sixty days of the sentence to be served on probation. The jury assessed a fine of $2,500, and the trial court ordered the defendant to pay one hundred dollars per month toward the court costs and as restitution to the victim. In addition, the defendant must spend ten days performing community service. In this direct appeal, the defendant does not challenge the validity of his convictions. He contends that the trial court should have suspended his entire sentence and that two of the probationary conditions imposed by the trial court are unreasonable and unrelated to the purposes of sentencing.

We affirm the defendant's sentence as imposed by the trial court. However, we find that the two conditions of probation are not authorized by statute nor reasonably related to the purpose of the sentence; therefore, we remand this case so that the trial judge may reconsider the conditions of probation as a whole. In addition, we find that the judgment form does not accurately reflect the entire sentence imposed by the trial court. The trial court's order of restitution is not clearly stated in the transcript, and the judgment order makes no mention of restitution. Upon remand the trial court shall enter a corrected judgment that is consistent with the sentence imposed at the sentencing hearing as corrected in accordance with this opinion.

The charges in this case arose out of an incident that occurred in a Johnson City establishment known as Gatsby's. According to the testimony at trial, the victim and several other college students were sitting at two tables. The defendant, the victim and most of the others involved in this incident were students at East Tennessee State University in Johnson City. A couple of weeks earlier some of these young men had had a disagreement with Keith Duncan over the

shuffle board game. Duncan felt that they had continued to harass him. On the night in question, the defendant, who had just been introduced to Duncan by a mutual friend, approached one table and told the young men at that table to leave Duncan alone. When they denied knowing Duncan, the defendant brought Duncan to the table. When they continued to deny any knowledge of Duncan or any harassment, the defendant became abusive and threatening. He struck Ashly Dewberry at least twice in the jaw. Dewberry suffered a broken jaw and a severed nerve. The injury required surgery, and the victim has two plates in his jaw and a scar on the side of his neck. In addition, one of the victim's front teeth struck something when he fell and required a root canal. The grand jury indicted the defendant for aggravated assault. After a two-day jury trial, the jury acquitted him of that charge and found him guilty of misdemeanor assault.

In this appeal, the defendant raises two sentencing issues. When an accused challenges the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d)(1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider all the evidence, the presentence report, the sentencing principles, the enhancing and mitigating factors, counsels' arguments, the appellant's statements, the nature and character of the offense, and the appellant's potential for rehabilitation. Tenn. Code Ann. §§ 40-35-103(5), -210(b) (1997); State v. Ashby, 823 S.W.2d at 169. The defendant has the burden of demonstrating that the sentence is improper. Tenn. Code Ann. § 40-35-210 Sentencing Comm'n Comments. If the record fails to demonstrate the appropriate consideration by the trial court, appellate review of the sentence is purely de novo. State v. Ashby, 823 S.W.2d at 169. However, if our review reflects that the trial court properly considered all relevant factors and the record adequately supports

3

its findings of fact, this court must affirm the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

A misdemeanant, unlike the felon, is not entitled to the presumption of a minimum sentence. State v. Randall C. Conner, No. 03C01-9401-CR-00024, slip op. at 6 (Tenn. Crim. App., Knoxville, Aug. 12, 1994); State v. Bernell B. Lawson, No. 63, slip op. at 7 (Tenn. Crim. App., Knoxville, May 23, 1991). Misdemeanor sentencing is controlled by Tennessee Code Annotated section 40-35-302. The statue requires the court to impose a "specific number of months, days or hours . . . consistent with the purposes and principles of the [Criminal Sentencing Reform Act of 1989]," Tenn. Code Ann. § 40-35-302(b) (1997), and to determine a percentage of the sentence which the misdemeanant must serve before becoming eligible for work release, furlough, trusty status, or other "related rehabilitation programs." Tenn. Code Ann. § 40-35-302(d) (1997). In determining the percentage, the court must consider enhancement and mitigating factors as well as the legislative purposes and principles related to sentencing. Tenn. Code Ann. § 40-35-302(d); State v. Palmer, 902 S.W.2d 391, 393-94 (Tenn.1995); State v. Gilboy, 857 S.W.2d 884, 888-889 (Tenn. Crim. App. 1993).

The misdemeanor sentencing statute authorizes the court to place a defendant on probation immediately or after service of a portion of the sentence. Tenn. Code Ann. § 40-35-402(e) (1997). The trial court maintains jurisdiction over a defendant placed in jail and may reduce or modify the sentence or place the defendant on probationary supervision. Tenn. Code Ann. § 40-35-314(c) (1997). The statute is designed to provide a trial court with continuing jurisdiction in misdemeanor cases and a wide latitude of flexibility. State v. Dwight Johnson, No. 03C01-9209-CR-00320, slip op. at 7 (Tenn. Crim. App., Knoxville, May, 18, 1993), perm. to app. denied (Tenn. 1994).

4

In this case, the trial court sentenced the defendant to eleven months and twenty-nine days and set the required percentage of service at sixty percent. The defendant contends that the trial court erred in ordering him to serve sixty days of his sentence in jail. We disagree.

In this case, the trial court considered all of the relevant facts and circumstances and the applicable sentencing considerations. A presentence report was prepared, and the court held a separate sentencing hearing at which the defendant was the only witness. The trial judge found that the defendant had a history of previous criminal behavior, that the victim's personal injuries were particularly great, and that the crime was committed under circumstances under which the potential for bodily injury to a victim was great. Tenn. Code Ann. § 40-35-114 (1), (6), (16) (1997).

The record supports the trial court's use of factors 1 and 6. The defendant's record includes a juvenile assault conviction and an aggravated assault charge that, according to the defendant, was dropped when the victim realized that the defendant was only sixteen years old. As an adult, he has been convicted of disorderly conduct and failure to appear. The evidence in the record does not preponderate against the trial court's conclusion that the defendant has a history of previous criminal behavior. The record also indicates that the victim suffered a broken jaw, a nerve injury, and damage to a tooth. His medical expenses exceeded eleven thousand dollars. He has two plates in his jaw and a scar on his neck. Unlike aggravated assault, simple assault does not require that the jury find "serious bodily injury." See Tenn. Code Ann. §§ 39-13-101(a)(1), -102(a)(1)(A) (1997). Therefore, enhancement factor 6 may be applied in cases of misdemeanor assault where a preponderance of the evidence indicates that the injuries were particularly great. See State v. Jones, 883 S.W.2d 597, 603 (Tenn. 1994) (serious bodily injury is synonymous with particularly great injury). The trial court did not err in finding that the victim's injuries resulting from this assault were particularly great.

5

The trial court did, however, err in considering enhancement factor 16. Bodily injury is an element of the offense for which the defendant was convicted. Tenn. Code Ann. § 39-13-101(a)(1) (1997). An enhancement factor may not be an essential element of the offense. Jones, 883 S.W.2d at 603; Tenn. Code Ann. § 40-35-114 (1997). Every assault as defined in section 39-13-101(a)(1) occurs in circumstances where the potential for bodily injury to a victim is great. State v. Glenn David Jones, No. 03C01-9302-CR-00057, slip op. at 17 (Tenn. Crim. App., Knoxville, Nov. 22, 1994), perm. app. denied (Tenn. 1995).

The trial court found that mitigating factors (1), (2), and (3) exist but held that the enhancement factors outweighed the mitigating factors.[1] We agree that factors (2) and (3) apply and that these enhancement factors outweighed the mitigating factors. Even though we have eliminated one enhancement factor, the two applicable factors have sufficient weight to justify a maximum sentence with a service percentage of at least 60% and the imposition of 10 days of community service.

Next we consider whether the trial court erred in sentencing the defendant to a sentence involving split confinement rather than full probation. Trial courts may, at their discretion, require a defendant receiving probation to serve a portion of the sentence in continuous confinement coupled with probation for a period of time up to and including the statutory maximum time for the class of the conviction offense. Tenn. Code Ann. § 40-35-306(a) (1997). On these facts, we cannot say that the trial court abused its discretion. The defendant has previously been convicted of assault, and although he has several times expressed his remorse for the victim's injuries, he apparently does not recognize that his actions were irresponsible and immature as well as illegal. He must learn that he is a

---

[1] The three mitigating factors to which the trial court referred are: (1) the defendant's criminal conduct neither caused nor threatened serious bodily injury; (2) the defendant acted under strong provocation; (3) substantial grounds exist tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense. Tenn. Code Ann. § 40-35-113 (1), (2), (3) (1997).

young man and a father and not a school boy at recess. His previous brushes with the law, for which he received probation, have not conveyed the message effectively. The trial court did not err in ordering a lengthy period of "shock incarceration" in this case.

In this last issue, we must determine whether the trial court erred in imposing conditions of probation that require the defendant to stay out of places that sell alcohol, including grocery stores, and that prohibit him from living with any woman to whom he is not married. The resolution of this issue is controlled by State v. Burdin, 924 S.W.2d 82 (Tenn. 1996). Based on our supreme court's decision in Burdin, we find that the special conditions imposed by the trial court are improper as they are not authorized either expressly or implicitly by the Criminal Sentencing Reform Act of 1989. See 1989 Tenn. Pub. Acts, ch. 591 § 6.

Under the Act, a trial court has wide latitude in formulating specific sentences, including the imposition of conditions of probation. Burdin, 924 S.W.2d at 85. Although the Act encourages trial judges to be innovative in devising appropriate sentences, the resulting sentence must conform to the principles of sentencing and be responsive to both the interests of society and the interests of the defendant. Id. Tennessee Code Annotated section 40-35-303(d) authorizes the trial court to impose conditions of probation that our supreme court has described as "closely related to conventional societal duties - family support, productive employment, community service, personal health, vocational training, avoidance of dangerous instruments, cooperation with supervising agencies, and restitution." Burdin, 924 S.W.2d at 85. Subsection (d)(9) allows the imposition of "any other conditions [that are] reasonably related to the purpose of the offender's sentence and not unduly restrictive of the offender's liberty, or incompatible with the offender's freedom of conscience, or otherwise prohibited by this chapter." Tenn. Code Ann. § 40-35-303(d)(9) (1997). Although stated in general terms, subsection 9 offers no dramatic departure from traditional principles of rehabilitation. Burdin,

7

924 S.W.2d at 85.  The primary goal of probation, both under our sentencing statutes and the appellate decisions of the courts of this state, is rehabilitation.  Id. at 86 (citations to other cases omitted).  Although the Act encourages innovative techniques of probation to promote rehabilitation and to prevent recidivism, section 40-35-303(d)(9) should not be read as "granting unfettered authority" to impose conditions and punishments which extend beyond the scope of traditional notions of rehabilitation.  Burdin, 924 S.W.2d at 86.

In this case, the trial judge ordered the defendant to stay out of any establishment that sold alcoholic beverages including grocery stores[2] and forbade him to live with any woman to whom he was not married.  Although a prohibition against entering establishments such as bars and night clubs that sell alcoholic beverages may be within the bounds of traditional notions of probation in appropriate cases, forbidding one to enter a grocery store that sells alcoholic beverages is needlessly broad.  Tennessee law permits the sale of beer in grocery stores.  Many grocery stores sell beer.  Grocery stores also sell the necessities of life.  The defendant is a father, and forbidding him to enter a grocery store will have an adverse affect on his ability to provide for his child as well as himself.  Such a condition is counterproductive to the purposes of probation which stress the importance of conventional societal duties such as family support.  See Burdin, 924 S.W.2d at 85.  In an appropriate case, a trial court may well order an offender to abstain from the use of alcohol and to refrain from entering certain kinds of establishments, but a condition of probation should not prevent the offender from purchasing for himself and his family the necessities of life.

The second special condition, that the defendant not reside with a woman to whom he is not married, is also drawn too broadly.[3]  Moreover, it is not

---

[2]    The trial court made an exception for the defendant's place of employment, the Steak & Ale, where alcoholic beverages are served.

[3]    Apparently the trial judge believed that the defendant did not live with the mother of his child but lived instead with another woman.  Although the record is not entirely clear, the defendant's testimony indicates that he and the

reasonably related to the purposes of the sentence.   In essence, the trial court ordered the defendant not to live in the house with his own child unless he married the child's mother.  Although it may be appropriate under some circumstances to refuse to allow a defendant to live with his family, see e.g., State v. McSweeney, 123 Ore. App. 460, 860 P.2d 305 (Ore. App. 1993) (prohibiting drug offender from living with family is reasonable), no such circumstances exist in this case.  In addition, the broad language used by the trial court forbids the defendant to live in the same house with a female relative such as a sister, a grandmother, or even his mother.  We fail to see any relationship between the condition and the defendant's need to exercise more control over his aggressive tendencies.

Since neither of the two special conditions is authorized by statute, we must remand this case to the trial court for the imposition of conditions of probation that are consistent with the Criminal Sentencing Reform Act of 1989.[4]  See Burdin, 924 S.W.2d at 87.

Finally, we must address a matter unrelated to those raised by the defendant.  In our de novo review of the record, we noted that the judgment entered in this case is deficient.  The judgment indicates that the defendant was convicted of assault as defined in Tennessee Code Annotated section 39-13-101 and sentenced to serve 60% of his eleven month and twenty-nine day sentence in the county jail before being eligible for any release programs.  The form also notes that the jury imposed a fine of $2,500.   The judgment does not indicate that the

---

mother of his child were living together but that another woman also lived in the house.  He referred to this woman as a "roommate" who had not fulfilled her obligation to pay her share of the rent and the utilities.

[4]     We note that the conditions as written in the probation order are even more broad than the trial court's pronouncements at the sentencing hearing.  According to the order, the defendant "will not live with anyone to whom you are not married," and "will not use intoxicants of any kind," nor "use or be in possession of narcotic drugs, including marijuana," or "visit places where intoxicants or drugs are sold, dispensed, or used."   If this order were taken literally, the defendant would be precluded from entering grocery stores, pharmacies, doctors' offices, and hospitals and would be forced to reside by himself.

defendant is to serve 60 days in jail and the balance on probation. It is also silent on the subject of restitution, costs, and community service. At the sentencing hearing, the trial judge ordered the defendant to pay both his court costs as well as restitution to the victim at the rate of $100.00 per month.[5] However, it is not clear from the transcript how the funds are to be allocated between the costs and restitution. Facts in the record indicate that the victim's medical costs amounted to $11,967.04. The trial court made no findings as to the amount of restitution the defendant was required to pay and the time of payment.

According to Tennessee Code Annotated section 40-35-304, a trial court must specify at the sentencing hearing the amount of restitution to be paid. Tenn. Code Ann. § 40-35-304(c) (1997). The court may permit payment in installments but may not establish a payment schedule that extends beyond the statutory maximum term of probation supervision that may be imposed for the offense. Id.[6] In determining the amount of restitution and the method of payment, the trial court shall consider the financial resources and the future ability of the defendant to pay. Tenn. Code Ann. § 40-35-304(d) (1997).

The present judgment form does not contain many of the trial court's orders relevant to sentencing, and the transcript itself does not clarify the questions relevant to restitution. Upon remand, the trial court shall enter a judgment that accurately reflects the sentence imposed at the sentencing hearing as well as a probation order containing any conditions the trial judge determines to be reasonably related to the purposes of sentencing as defined in Burdin and in the best interests of the public and the defendant. The trial court shall make the

---

[5] The probation order states that the defendant must pay restitution through the court but does not mention any amount.

[6] An offender may be required to serve a portion of his sentence in continuous confinement with probation for a period of time up to and including the statutory maximum for the class of conviction offense. Tenn. Code Ann. § 40-35-306(a) (1997). The defendant in this case was convicted of a Class A misdemeanor for which the statutory maximum sentence is eleven months and twenty-nine days. Tenn. Code Ann. § 40-35-111(e)(1).

required findings concerning the total amount of restitution and the manner of payment after taking into consideration the defendant's financial resources and future ability to pay.

_____
CURWOOD WITT, Judge

CONCUR:


_____
PAUL G. SUMMERS, Judge


_____
JERRY L. SMITH, Judge

11