AOYAGI, J.
*217 Petitioner seeks review of an order of the Board of Parole and Post-Prison Supervision in which the board rejected his challenges to two special conditions of post-prison supervision. Petitioner's first assignment of error pertains to Condition 10, regarding contact with persons less than 18 years of age. Petitioner's second assignment of error pertains to Condition 11, regarding contact with his victims' family members. For the reasons that follow, we conclude that the first assignment of error is moot. As to the second assignment of error, we conclude that the board erred in imposing a special condition on erroneous legal grounds and therefore reverse and remand.
The board made no factual findings.[1] The relevant facts, however, are minimal and undisputed. Petitioner was convicted of four counts of sexual abuse in the first degree, ORS 163.427. The victims were two minor girls who are petitioner's nieces by marriage. As petitioner was nearing the end of his prison term, he received a board order of supervision conditions, which laid out the conditions that would apply to him after he was released from prison on post-prison supervision.
Petitioner immediately wrote a letter to his post-prison supervision officer regarding portions of two conditions. Condition 10 includes, in relevant part, "[a] prohibition against contacting a person under 18 years of age without the prior written approval of the board, supervisory authority, or supervising officer."
*1125 Petitioner objected to that condition solely as it pertained to his teenage son, who would be less than 18 years old at the time of petitioner's release, and explained why he wanted to be in contact with his son. Condition 11 states, in relevant part, that petitioner "shall have no contact direct or indirect" with his victims, S and C, "or their family, including direct, indirect, second or third party contact," "without prior written consent of the PO." Petitioner objected that, because S and C are his nieces by marriage and therefore members of his own *218 family, Condition 11 would prevent him from having contact with his own family. He requested clarification as to "how close, 'family wise,' am I allowed to have contact with since her family members are also mine."
When he did not receive a satisfactory answer from his post-prison supervision officer,[2] petitioner filed a timely request for administrative review of the board's order of supervision conditions. Petitioner challenged Conditions 10 and 11 as exceeding the board's authority and violating his federal constitutional right of familial association. He asked that the board modify the conditions to allow him to have contact with his son and to allow him to have contact with his family by marriage, except for S and C and their mother, who he asserted were estranged from the rest of his wife's family.
The board issued an order denying relief. The relevant portion states:
"Pursuant to ORS 144.102(4)(b)(B) and (G), [Special Condition] 10 and [Special Condition] 11 are required for persons convicted of sex crimes, which includes the crime of sexual abuse in the first degree. The Board notes that your supervising officer has the discretion to allow contact with minors or with your victims or their family. Thus, these conditions are not to be read as absolute prohibitions. Properly read, the conditions provide that you must acquire your supervising officer's prior written permission. It allows your supervising officer to monitor and evaluate each situation to determine whether your request is appropriate for your rehabilitation and is consistent with public safety."
Petitioner seeks judicial review. His first assignment of error pertains to Condition 10, regarding contact with persons under 18 years of age, as it applies to his teenage son. We conclude that petitioner's first assignment of error is moot. Generally speaking, an issue becomes moot when our decision "will no longer have a practical effect on *219 the rights of the parties." Brownstone Homes Condo. Assn. v. Brownstone Forest Hts., LLC , 358 Or. 26, 30, 361 P.3d 1 (2015) (internal quotation marks omitted). Based on information provided by petitioner in supplemental briefing that we requested after this case was submitted, petitioner's son is now over 18 years of age. Because petitioner challenged Condition 10 only as it applied to his son, and his son is no longer subject to Condition 10, that issue is now moot, and we do not address it further.
Petitioner's second assignment of error pertains to Condition 11, which prohibits him from any contact with his victims' "family" without prior written approval of his post-prison supervision officer. Petitioner contends that, in imposing that condition, the board exceeded its authority and violated his right of familial association under the First and Fourteenth Amendments to the United States Constitution. He argues that the board provided no explanation for imposing a condition broader than the condition mandated by ORS 144.102(4)(b)(G) and that it gave no consideration to his individual circumstances in imposing that broader condition. Rather, the board simply concluded that the condition was "required." The board responds that it exercised its discretion in a lawful manner, did not violate petitioner's constitutional rights, and issued an order supported by substantial evidence and substantial reason.
The board's authority to impose special conditions of post-prison supervision derives from ORS 144.102(4). Paragraph (a) governs *1126 discretionary conditions, providing that the board "may establish special conditions that [it] considers necessary because of the individual circumstances of the person on post-prison supervision." ORS 144.102(4)(a). Paragraphs (b), (c), and (d) identify mandatory conditions for persons convicted of particular crimes. As relevant here, if a person is on post-prison supervision for a sex crime as defined in ORS 163A.005, the board "shall include" thirteen specific conditions in the person's post-prison supervision conditions. ORS 144.102(4)(b). One of those thirteen conditions is "[a] prohibition against direct or indirect contact with the victim , unless approved by the victim, the person's treatment provider and the board, supervisory authority or supervising officer." ORS 144.102(4)(b)(G) (emphasis added). *220 Here, the board gave a single reason for including Condition 11 in petitioner's post-provision supervision conditions: that it is "required for persons convicted of sex crimes, which includes the crime of sexual abuse in the first degree," under ORS 144.102(4)(b)(G). That statement, however, is wrong as a matter of law. ORS 144.102(4)(b)(G) only requires a prohibition against direct or indirect contact with the victim without prior approval. Condition 11 is much broader, as it prohibits petitioner from having direct or indirect contact with his victims "or their family " without prior approval. (Emphasis added.)
On review, the board tacitly admits its legal error, conceding that "restricted contact with the victims' families is not necessarily required by law." It argues, however, that imposing Condition 11 was within the board's discretion under ORS 144.102(4)(a). The problem with the board's argument is that the board never purported to be exercising its discretion under ORS 144.102(4)(a). The order does not say that the board is imposing a discretionary condition. Moreover, nothing in the order suggests that the board considered petitioner's "individual circumstances" and determined that Condition 11 was "necessary" in his specific case. See ORS 144.102(4)(a) (allowing the board to establish special conditions that it "considers necessary" because of the person's "individual circumstances"). Rather, as expressly stated in the order, the board imposed Condition 11 because it believed-erroneously-that ORS 144.102 (4)(b)(G)"required" that condition.
Because the board's order is predicated on a legal error, we reverse and remand for further proceedings consistent with this opinion, specifically for reconsideration of Condition 11. See ORS 183.482(8)(a) ("If the court finds that the agency has erroneously interpreted a provision of law *** the court shall *** [r]emand the case to the agency for further action under a correct interpretation of the provision of law."); Gearhart v. PUC , 356 Or. 216, 234, 339 P.3d 904 (2014) (stating, with respect to legal error, that "[u]sually the best approach is for the court to note the error and allow the agency to correct that error"). We further note that, to the extent that the board imposed Condition 11 under ORS 144.102(4)(a) rather than ORS 144.102(4)(b) -which does *221 not appear to be the case but which the board argues-the result is the same. We review "legal determinations that are predicates for the exercise of discretion" for errors of law. State v. Hightower , 361 Or. 412, 421, 393 P.3d 224 (2017). An exercise of discretion that is founded on a legal error is an abuse of discretion. Espinoza v. Evergreen Helicopters, Inc. , 266 Or. App. 24, 46, 337 P.3d 169 (2014).
Given our conclusion, we need not reach petitioner's constitutional challenge to Condition 11. See Sterling v. Cupp , 290 Or. 611, 614, 625 P.2d 123 (1981) ("The proper sequence is to analyze the state's law, including its constitutional law, before reaching a federal constitutional claim."); State v. Martin , 282 Or. 583, 586, 580 P.2d 536 (1978) ("Although defendant raised a constitutional argument at sentencing, and again here, we resolve this case under the applicable statutes."). Although we are skeptical of a special condition prohibiting petitioner from any unapproved contact with his wife, his son, and his entire family by marriage without explanation,[3] we need not address the issue *1127 because, on remand, the board may choose to impose only the condition required by ORS 144.102(4)(b)(G), in which case petitioner's concern will be resolved. Alternately, if the board imposes the same condition on a discretionary basis under ORS 144.102(4)(a), it must explain why doing so is "necessary" given petitioner's individual circumstances, ORS 144.102 (4)(a), thus enabling review. See *222 Martin v. Bd. of Parole & Post-Prison Supervision , 327 Or. 147, 160, 957 P.2d 1210 (1998) (reviewing board's imposition of a discretionary special condition to determine whether it "was one within the range of choices entrusted to the agency by law" and whether "the agency's explanation of why it made that choice was sufficient to withstand a challenge on judicial review").
Reversed and remanded.

The Board purports to make "findings" in one paragraph of its order, but its "findings" consist entirely of statements of law.

The record does not contain any response from the post-prison supervision officer. According to petitioner, the officer denied petitioner's request to have contact with his son, his wife, and other family members. The board does not address that assertion. The precise response that petitioner received is not significant to our analysis.

Special conditions of post-prison supervision that restrict fundamental rights related to marriage, family, and freedom of association are permissible when necessary "to protect society's interests." Martin , 282 Or. at 589, 580 P.2d 536. At the same time, "whenever a defendant's fundamental rights are implicated, the board has less discretion to impose conditions that infringe upon those rights." State v. Bell , 276 Or. App. 21, 25, 366 P.3d 756 (2016). The board therefore usually must consider less restrictive options. Compare State v. McSweeney , 123 Or. App. 460, 462-63, 860 P.2d 305 (1993) (upholding condition that allowed defendant to reside with her spouse "unless he returns to drug use," because it was "intimately related" to defendant's crime, and noting that the condition did not limit contact other than cohabitating), with Martin , 282 Or. at 589, 580 P.2d 536 (board erred in failing to find whether spouse was a bad influence and failing to consider "what interference with marital rights less than complete separation would serve to protect society's interests") and State v. Saxon , 131 Or. App. 662, 664-65, 886 P.2d 505 (1994) (reversing total prohibition on contact between petitioner and her husband, despite their drug history together, because the court did not consider less restrictive options).