Submitted on record and briefs March 23, affirmed December 2, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# CONNIE MARIE HANDLEY,
*Appellant.*

## (C890763CR; CA A63027)

843 P2d 456

M. Janise Augur, Public Defender Services of Lane County, Eugene, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals her convictions on two counts of burglary in the second degree. ORS 164.215. She contends that unlawfully entering storage units in a carport is not burglary. She also argues that the court erred by issuing an amended judgment.

Defendant and a companion broke the locks and opened the doors of two storage lockers that were located in the carport of an apartment complex. They also attempted to pry open a third locker. Each locker was four feet wide, nine feet long and seven feet high, and each was rented by a different tenant of the apartment complex. Property was removed from only one of the lockers.

Trial was to the court. The charge of attempted burglary of the third locker was dismissed, and the court entered a judgment finding that defendant broke into two storage lockers that "are part and parcel of a single building" and concluded that she was guilty of one burglary as alleged in Count 2. Defendant filed a notice of appeal. The trial court then entered an "amended judgment,"[1] finding that defendant had unlawfully entered two storage lockers and adjudging her guilty of two burglaries. The court merged the two convictions for purposes of conviction and sentencing. It ordered restitution for the property that had been removed from one of the lockers.

■    Defendant's first assignment is somewhat imprecise, but the argument appears to be that the storage lockers are not buildings as that term is used in the burglary statutes. ORS 164.205(1) provides that, for purposes of the burglary statutes,

" 'Building,' in addition to its ordinary meaning, includes any booth, vehicle, boat, aircraft or other structure adapted for overnight accommodation of persons or for carrying on business therein. Where a building consists of separate units, including, but not limited to, separate apartments, offices or

[1] On our own motion we had ruled that, because the first judgment disposed of only two of the three counts, it was not final for the purposes of appeal. We gave the trial court leave to enter an amended judgment. ORS 19.033(4). It entered the amended judgment, and then we proceeded with the appeal.

rented rooms, each unit is, in addition to being a part of such building, a separate building."

Defendant agrees that the carport in which the storage lockers were situated is a building under that definition. She argues that the lockers are not, because a person would not likely remain inside one to live or carry on business. Defendant's arguments are, in substance, the same as the defendants' arguments in *State v. Barker/Phelps*, 86 Or App 394, 739 P2d 1045 (1987), where we held that the separate storage units in a commercial storage warehouse were buildings under ORS 164.205(1). There is no material distinction between the storage units in *Barker/Phelps* and those in this case.

■ Many of defendant's other arguments, at least as we understand them, relate to the court's oral pronouncements and the wording of the first judgment which was not final. The appeal is from the amended judgment that superseded the first one, and its wording prevails over the oral statements of the court. *State v. Swain/Goldsmith*, 267 Or 527, 517 P2d 684 (1974).

■ Defendant also challenges the requirement that she pay restitution. She appears to argue that the evidence respecting the breaking of each locker was identical. The court convicted her of burglarizing the locker from which property was stolen and, consequently, she argues, it used its desire to impose restitution as a basis for determining guilt. The court, in the amended judgment, found defendant guilty of two burglaries and merged them for the purposes of conviction and sentencing. The court could have imposed restitution on either charge, because both involved criminal activity for which defendant had been convicted. ORS 137.103(1).

Defendant also argues that it was unlawful for the court to enter the amended judgment. The court entered that judgment because we gave it leave to do so under ORS 19.033(4). Defendant contends that the court was somehow bound by the findings and conclusions in the first, nonfinal judgment. She cites no authority for that proposition, and we find none.

Affirmed.