Argued and submitted November 30, 1992, affirmed June 23, 1993

STATE OF OREGON,
*Respondent,*

*v.*

ROBERT A. ESTEY,
*Appellant.*

(91C 21092; CA A72544)

855 P2d 186

David C. Degner, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

ROSSMAN, P. J.

---

## ROSSMAN, P. J.

Defendant was convicted of aggravated theft in the first degree, ORS 164.057, and was sentenced to 24 months' probation. On appeal, he challenges the condition of probation that forbids him from having any contact with the Wimer family,[1] assigning error only to the portion of the condition that prohibits him from associating with his girlfriend, Beth. He argues that the condition is not related to his offense and does not promote public safety or rehabilitation. *See* ORS 137.540(2);[2] *State v. Martin*, 282 Or 583, 588, 580 P2d 536 (1978). We affirm.

As a preliminary matter, defendant contends that the condition should be removed, because the trial court did not state its reasons for ordering defendant not to associate with the girlfriend. It was not necessary, however, for the court to list the reasons why it found the special condition appropriate. The court was required only to make a factual record so that an appellate court could test the condition for compliance with ORS 137.540(2). *State v. Martin, supra*, 282 Or at 589; *State v. Quackenbush*, 113 Or App 263, 265, 832 P2d 1236 (1992). Here, the evidence presented at the sentencing hearing provided an adequate record to show that the condition was proper.

That evidence established that defendant is a violent, contemptuous and defiant young man. The girlfriend's father testified that, in response to his request that defendant not see her, defendant threatened "to smash [his] face." He also said that defendant had threatened a male friend of Beth's who came over to her home one night to watch a movie.

---

[1] Defendant also was convicted of conspiracy to commit robbery in the first degree, ORS 161.450(2)(a), and sentenced to 18 months' imprisonment and 36 months' post-prison supervision. Although the association condition is a recommended condition of post-prison supervision, defendant does not challenge the recommendation.

[2] ORS 137.540(2) grants a trial court broad discretion to

"impose special conditions of probation for the protection of the public or reformation of the offender, or both, including, but not limited to, that the probationer shall:

"(h)  Refrain from knowingly associating with:

"* * * * *

"(D)  * * * [D]esignated persons."

Additionally, the court received a letter from the dean of students at the Dallas public schools, which stated that

"in the past two years [defendant] has received some 20 incident reports for inappropriate behavior ranging from vandalism to assault. He has harrassed other students, [and committed] theft, and truancy."

The state presented evidence at the hearing that defendant is likely to engage in violent, retaliatory conduct against those whom he believes supplied the police with information that led to his conviction. One witness, Peterson, testified that defendant threatened to kill his teenage daughter because defendant suspected that she had reported him to the police. Peterson also said that defendant threatened that, if he went to prison, he would "get somebody to take care of [Peterson's daughter]." In addition, Peterson testified that several of his daughter's friends, who had heard defendant make the threats and who knew that defendant was involved in the theft, would not come forward because they were afraid of defendant.

There was also evidence that the girlfriend's family played an integral role in securing defendant's conviction. Beth's father testified that defendant had written letters to Beth in which he described his involvement in the theft; that he and his wife found the letters and gave them to the police; and that the letters were used as evidence against defendant. It is reasonable to infer that defendant may have believed that Beth was somehow responsible for the police obtaining the letters and that he may have reacted violently toward her. Indeed, Beth's father stated that defendant had in the past verbally and physically abused Beth to such an extent that two psychologists diagnosed her as suffering from a type of "battered wife syndrome."[3] This record shows that the challenged condition of probation is related to the offense and promotes public safety.

Defendant nevertheless maintains that the condition unduly infringes on his constitutional right to associate with persons of his choice. In *State v. Sprague*, 52 Or App 1063, 1067, 629 P2d 1326, *rev den* 291 Or 514 (1981), we held:

---

[3] Beth's father testified that Beth had sustained black eyes and bruises that he believed were caused by defendant's physical abuse.

> "If probationary conditions diminish constitutionally protected rights, those conditions are tested by the necessities for making probation effective, *i.e.*, a reasonable relationship to reformation of the offender or protection of the public."

Under the facts of this case, we conclude that the special condition constitutes a minimal intrusion on defendant's right of association and bears a reasonable relationship to the protection of the public. Accordingly, the court did not abuse its discretion under ORS 137.540(2)(h)(D).

Affirmed.