Argued and submitted July 27, convictions affirmed; vacated in part; remanded for resentencing December 14, 1994

# STATE OF OREGON,
*Respondent,*

*v.*

# DAWN MARIE SAXON,
*Appellant.*

## (92-5223; CA A79078)

886 P2d 505

Diane L. Alessi argued the cause for appellant. On the brief were Sally L. Avera, Public Defender, and Peter Gartlan, Deputy Public Defender.

Harrison Latto, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R.

Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

RIGGS, J.

### RIGGS, J.

■ Defendant was convicted of delivery of a controlled substance, possession of a controlled substance and tampering with physical evidence. ORS 475.992(1)(b); ORS 475.992(4)(b); ORS 162.295. She assigns error to the trial court's imposition of a special condition of probation that prevents her from contacting or knowingly associating with her husband for five years. We vacate the condition of probation.

■ A trial court has broad authority to impose special conditions of probation "for the protection of the public or reformation of the offender or both." ORS 137.540(2); *State v. Donovan*, 307 Or 461, 466, 770 P2d 581 (1989). However, when the special condition infringes on marital rights, such as restricting a probationer from associating with his or her spouse, the sentencing court's discretion is more narrowly proscribed. *State v. Martin*, 282 Or 583, 589, 580 P2d 536 (1978). The court must determine

> "whether as a matter of fact the spouse would be a bad influence so as to endanger rehabilitation or public safety and, if so, what interference with marital rights less than complete separation would serve to protect society's interests." 282 Or at 589.

In making these determinations, the trial court must establish a factual record to support the imposition of a special condition of probation. *State v. Martin, supra*, 282 Or at 589; *State v. Quackenbush*, 113 Or App 263, 265, 832 P2d 1236 (1992).

Defendant argues that the trial court failed to undertake the proper analysis before imposing the special condition of probation that prohibited contact between defendant and her husband. We agree. The record supports the trial court's finding that defendant's husband posed a threat to her rehabilitation:

> "My reason for imposing this condition — I'll say it again, I imposed it before. When the defendant and [her husband] get together — she's accepting responsibility here, but — I submit that had she not gotten together with [her husband] she wouldn't be sitting where she's at today. * * * I know you object to this condition, Counsel, and I know your client wants to be able to see [her husband] but he has a history — a

repeated history — of violating his probation, paroles, and you know, involving drug use. She, likewise, has a history of * * * probation violations, continued drug use, and when they're together they've conspired to deliver drugs, they've delivered drugs together, they've consumed drugs together."

There is no indication from the record, however, that the trial court considered whether there was an alternative that would be less intrusive than prohibiting contact between defendant and her husband.[1] Without such support in the record, the trial court erred in imposing the special condition of probation.

Convictions affirmed; special condition of probation vacated; remanded for resentencing.

---

[1] For instance, the court might have considered a requirement that defendant seek permission from the court or her probation officer to have contact with her husband or that any contact be supervised. *See State v. Gilkey*, 111 Or App 303, 306-07, 826 P2d 69 (1992).