Argued and submitted September 25, 1995, conviction affirmed; vacated in part; remanded for resentencing May 15, 1996

# STATE OF OREGON,
*Respondent,*

*v.*

# LINDA M. JACKSON,
*Appellant.*

## (94-04-32392; CA A85894)

917 P2d 34

Stephen J. Williams, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Ann F. Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

■ Defendant pleaded guilty to assault in the third degree, and the trial court sentenced her to three years' probation. Defendant challenges a special condition of her probation that she not discuss the circumstances of the crime with anyone other than the district attorney, her probation officer and her lawyer. Defendant argues that the condition is too broad and is not supported by adequate findings of fact. *See* ORS 137.540(2). Defendant also contends that that condition violates her rights to free speech under Article I, section 8, of the Oregon Constitution and the First Amendment of the United States Constitution. We review under ORS 138.050(1)(a) and 138.222(4)(a).[1] We vacate the special condition of probation and remand for resentencing.

At sentencing, the victim told the trial court: "The only thing I want to say is that the defendant goes around bragging about what she did [to] my face, and I would like that to stop." In response to that concern, the trial court told defendant:

"With regard to the risk of you making statements in the community that the victim perceives as bragging, my order is this. During the probation you are not to discuss the circumstances of the events that led to your conviction

[1] ORS 138.050 provides, as relevant:

"(1) A defendant who has pleaded guilty * * * may only take an appeal from a judgment * * * where the disposition:

"(a) Exceeds the maximum allowable by law * * *."

ORS 138.222 provides, as relevant:

"(4) In any appeal, the appellate court may review a claim that:

"(a) The sentencing court failed to comply with requirements of law in imposing or failing to impose a sentence * * *."

The state contends that review of the constitutionality of the special condition of probation at issue is precluded by ORS 138.222(2)(a), which precludes review of any sentence that is within the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission. Defendant does not challenge that she was sentenced to probation. She seeks review of the constitutionality of one of the conditions of her probation. That is allowed under ORS 138.222(4)(a). The state also cites *State v. Nelson*, 127 Or App 741, 874 P2d 108 (1994) (per curiam). *Nelson* provides no support for the state's argument, however, because in that case ORS 138.222(2)(d) precluded review. That provision, which bars review of sentences resulting from stipulated sentencing agreements, does not apply to this case.

with anyone other than your therapist * * * and your attorney. You are just not to discuss it. Period. End of story. That's clear. If you are out talking about it then you are in violation of your probation[,] * * * [e]xcept to the extent you need to talk to your therapist or probation officer * * * and your attorney."

The written judgment of conviction, however, did not authorize defendant to discuss the offense with her therapist. It required "[d]efendant not to discuss circumstances of [the] crime with anyone other than the district attorney, probation officer or lawyer."

■ As a preliminary matter, we note that a written judgment prevails over oral statements by a court that underlie the judgment. *See State v. Swain/Goldsmith*, 267 Or 527, 530, 517 P2d 684 (1974); *State v. Handley*, 116 Or App 591, 594, 843 P2d 456 (1992). Therefore, we review the special condition contained in the written judgment of conviction, as opposed to the trial court's oral pronouncements at sentencing.

■■ A trial court may impose special conditions of probation "for the protection of the public or reformation of the offender or both." ORS 137.540(2); *State v. Donovan*, 307 Or 461, 466, 770 P2d 581 (1989). Although a trial court may impose conditions designed to restrict activities that interfere with reformation, "where fundamental rights are involved[,] the sentencing court has less discretion to impose conditions in conflict therewith." *State v. Martin*, 282 Or 583, 589, 580 P2d 536 (1978). Further, the trial court must make a factual record to support the imposition of a special condition of probation. *Id.*; *State v. Saxon*, 131 Or App 662, 664, 886 P2d 505 (1994).

■ In imposing the special condition, the trial court may have been concerned that bragging by defendant, particularly in public, could interfere with her reformation. In response to defendant's objections to the special condition, the trial court stated:

"This condition is calculated especially to get the defendant in a situation where she is not exposed to further risks of violation. I have allowed her to discuss it with the people she needs to, the probation officer, therapist and lawyer,

and there's no reason for there to be discussions of it in public."

The special condition is broader than necessary, however, to serve the purposes identified by the trial court.

First, the group of people with whom it is permissible for defendant to discuss her crime, the district attorney, her lawyer and her probation officer, is more restrictive than is necessary to protect the public or to reform defendant. *See* ORS 137.540(2). The fact that the special condition, as written, prohibits defendant from discussing her crime with her therapist actually presents an impediment to defendant's reformation.

Second, the special condition is not limited to bragging or bragging in public. It proscribes any discussion by defendant of her crime. As written, it would be a violation of probation for defendant to describe the circumstances of her crime in the context of expressing regret. A prohibition of that breadth cannot be supported by the trial court's findings. *See Martin*, 282 Or at 589 (special condition must be supported by appropriate findings of fact); *Saxon*, 131 Or App at 664-65 (vacating special condition that was not supported by appropriate factual findings).

We do not reach defendant's arguments under the state and federal constitutions. *See Zockert v. Fanning*, 310 Or 514, 520, 800 P2d 773 (1990) (issues should be resolved on nonconstitutional grounds, where available). Because the special condition is not supported by appropriate factual findings and is too broad to be justified by the purposes for special conditions set forth in ORS 137.540(2), we vacate the special condition of probation and remand the case to the trial court for resentencing. *See* ORS 138.222(5).

Conviction affirmed; special condition of probation vacated; remanded for resentencing.