Submitted on record and briefs June 30, convictions affirmed; remanded for resentencing October 7, 1998

STATE OF OREGON,
*Respondent,*

*v.*

MARVIN CLINTON MACK, JR.,
*Appellant.*

(96-673; CA A96407)

967 P2d 516

Sally L. Avera, Public Defender, and Stephen J. Williams, Deputy Public Defender, filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals from a judgment of convictions for assault in the third degree and criminal mistreatment in the first degree of his three-year-old son. The trial court sentenced defendant under the sentencing guidelines to 36 months' probation for both convictions, to be served concurrently. Defendant assigns error to the trial court's imposition of a sex offender package as a special condition of probation. We remand to the trial court for resentencing.

By the time of trial, the charges against defendant were: (1) unlawful sexual penetration in the first degree, ORS 163.411;[1] (2) assault in the third degree, ORS 163.165;[2] and (3) criminal mistreatment in the first degree, ORS 163.205.[3] A jury found defendant guilty of assault and criminal mistreatment but not guilty of unlawful sexual penetration. During the sentencing proceeding, the trial court stated:

---

[1] ORS 163.411(1) provides, in part:

"[A] person commits the crime of unlawful sexual penetration in the first degree if the person penetrates the * * * anus * * * of another with any object other than the penis or mouth of the actor and:

"* * * * *

"(b) The victim is under 12 years of age[.]"

Because the statute does not prescribe a culpable mental state, it can be "established only if a person acts intentionally, knowingly, recklessly or with criminal negligence." ORS 161.115(2). The jury was instructed that defendant must have knowingly committed the act. ORS 163.411 does not require that the actor act with a sexual purpose.

[2] ORS 163.165(1) provides, in part:

"A person commits the crime of assault in the third degree if the person:

"* * * * *

"(h) Being at least 18 years of age, intentionally or knowingly causes physical injury to a child 10 years of age or younger."

[3] ORS 163.205 provides, in part:

"(1) A person commits the crime of criminal mistreatment in the first degree if:

"* * * * *

"(b) The person * * * having assumed the permanent or temporary care, custody or responsibility for the supervision of a dependent person or elderly person, intentionally or knowingly:

"(A) Causes physical injury or injuries to the dependent person or elderly person[.]

"* * * * *

"(2) As used in this section:

"Well, I do recall the case very well. I do feel, based upon the evidence, that this was criminal behavior. I think the jury's finding of guilty on these two counts, basically count II and count III, was something that I do agree with.

"I would note for the record the wording of count II and count III, which are well-known to everyone. Based upon that fact, and based upon my own recollection of the evidence, I do find that there was a sexual component to this behavior, these actions by * * * the defendant, in this case.

"Obviously assault III and criminal [mistreatment] in the first degree does not, per se, mean that someone committed a sexual offense; however, taking into account the totality of these facts, including the wording of the indictment that the jury was asked to pass on up or down, and based upon my recollection of the facts, I do find that this was a sexual crime."

The court imposed a sex offender package as a special condition of probation, which requires:

"1. Defendant shall have no contact with any female/male under the age of 18, until authorized by probation officer.

"2. Defendant shall consent to and cooperate with polygraphic examinations and penile plethysmographic assessments when deemed necessary by therapists and/ or probation officer.

"3. Defendant shall be financially responsible for all counseling costs incurred by the victim(s).

"4. Defendant shall consent to the sharing of privileged assessment and treatment information between public and private agencies, agents, and persons who are deemed essential in assessing, monitoring, and mediating treatment for sexual deviancy problems.

"5. Defendant shall not possess at any time any type of pornography including written, pictures, video tapes, or audio tapes.

"6. Defendant shall enter and complete a sexual offender treatment program as directed by probation officer.

---

"(a) 'Dependent person' means a person who because of * * * age * * * is dependent upon another to provide for the person's physical needs."

"7. Defendant shall consent to, and cooperate with, any plan deemed necessary by probation officer and/or therapists to maintain and monitor offense-free behavior for the duration of the probation.

"8. Defendant shall not be involved in any organizations which would place him in direct contact with children, i.e. Boy Scouts, Girl Scouts, 4-H, Big Brother or Big Sister programs, Sunday School teaching, etc.

"9. Defendant shall not frequent or visit places that exist primarily for the enjoyment of children, i.e. circuses, playgrounds, arcades, amusement parks, zoos, etc.

"10. Defendant shall register as a sex offender pursuant to Oregon Revised Statutes.

"11 Defendant shall submit to blood testing for DNA purposes.

"12. Defendant shall submit to HIV testing with release of information to the victim."

On appeal, defendant argues that the trial court erred when it imposed the sex offender package as a special condition of probation because he was not found guilty of a sexual offense. The state argues that imposition of the sex offender package as a special condition of probation was properly within the discretion of the trial court because the trial court found that there was a sexual component to the convictions.[4]

A trial court has discretion to impose special conditions of probation "for the protection of the public or reformation of the offender, or both." ORS 137.540(2).[5] However,

---

[4] ORS 138.222 limits the scope of appellate review of certain felony sentences. In *State v. Jackson*, 141 Or App 123, 125 n 1, 917 P2d 34 (1996), the defendant challenged the constitutionality of a condition of probation. We rejected an argument by the state that a special condition of probation is part of a presumptive sentence such that we are precluded from reviewing it under ORS 138.222(2)(a) and reviewed the condition under ORS 138.222(4)(a). *Id.* Here, the state does not argue that defendant's sentence is not reviewable. Thus, we assume without deciding that we may review a special condition of probation under ORS 138.222(4)(a) when the claim is that the sentencing court failed to comply with the requirements of law in imposing it.

[5] ORS 137.540(2) provides, in part:

"In addition to the general conditions, the court may impose any special conditions of probation that are reasonably related to the crime of conviction or

the imposition of special conditions must be "reasonably related to the crime of conviction or the needs of the defendant." *Id.* A trial court must establish a factual record to support its imposition of a special condition of probation under ORS 137.540(2). *State v. Saxon,* 131 Or App 662, 664, 886 P2d 505 (1994). That record may be established by the evidence at trial. *State v. Martin,* 282 Or 583, 589, 580 P2d 536 (1978). It can also be established at the sentencing hearing. *State v. Estey,* 121 Or App 251, 253, 855 P2d 186 (1993).

■ In imposing the sex offender package as a special condition of probation, the trial court found that the assault and the criminal mistreatment had a sexual component by purporting to rely on the nature of the crimes charged in the indictment and the evidence at trial. Our review of the evidence reveals no evidence that relates directly to the question whether defendant acted with a sexual purpose. The evidence demonstrates that the victim suffered bruising around his anus and a small anal tear. There is considerable evidence that defendant inflicted those injuries, although he denied acting for a sexual purpose. He told a police officer that he was angry at his former wife, the child's mother, and that the injury occurred during a diaper change. The physician who examined the victim testified that her findings were "consistent with blunt force trauma or penetration" and "consistent with physical or sexual abuse." However, she could not testify with certainty that the victim suffered penetration. Also, during the sentencing proceeding, the prosecutor asked the court to consider that "it appears [defendant] was on probation for about three to four weeks for a prostitution conviction out of Multnomah County at the time the offenses in this case occurred."

The legislature has classified certain crimes under the heading of "Sexual Offenses."[6] If a defendant is convicted

---

the needs of the defendant for the protection of the public or reformation of the offender, or both * * *[.]"

[6] In the Oregon Revised Statutes, the following crimes are included within the section entitled "Sexual Offenses": (1) rape, ORS 163.355-.375; (2) sodomy, ORS 163.385-.405; (3) unlawful sexual penetration, ORS 163.408-.411; (4) sexual abuse, ORS 163.415-.427; (5) contributing to the sexual delinquency of a minor, ORS 163.435; (6) sexual misconduct, ORS 163.445; and (7) public indecency, ORS 163.465.

of one of these offenses and sentenced to probation, imposition of a sex offender package as a special condition of probation is reasonably related to the offense because the individual conditions within the package, such as treatment and registration, prevent recidivism of a sexual nature. If a defendant is convicted of a crime other than a sexual offense but acted with a sexual purpose, imposition of a sex offender package as a special condition of probation also could be reasonably related to the conviction.

Here, defendant was not convicted of committing a crime that in and of itself is considered a sexual offense. Thus, the trial court had to find that defendant acted with a sexual purpose before it could impose a sex offender package as a condition of probation in this case. Otherwise, the imposition of the sex offender package as a condition of probation would not be reasonably related to the crimes of conviction. Although the trial court was not required to believe defendant's version of how the injury occurred, there must be some evidence from which a reasonable inference arises that he acted with a sexual purpose. Defendant's prior conviction for prostitution, which is not included for these purposes among sexual offenses, and the trial court's reliance on the fact that defendant had inflicted injury to an intimate part of the victim's body under the circumstances of this case are not enough without additional evidence to demonstrate that he acted with a sexual purpose. Consequently, the trial court has not established the necessary factual record to support the imposition of a sex offender package as a condition of probation. Therefore, we remand the case for resentencing under ORS 138.222(5). In the event that the trial court chooses on remand to impose the sex offender package, it must make the necessary findings to support that imposition.

Convictions affirmed; remanded for resentencing.