On appellant's and respondent's joint motion for remand for entry of an amended judgment filed October 18, 2002, vacated in part; remanded in part January 8, 2003

## STATE OF OREGON,
*Respondent,*

*v.*

## ALLEN LEE FLICKER,
*Appellant.*

990243MI, 996133MI;
A117427 (Control), A117428
(Cases Consolidated)

60 P3d 1155

David E. Groom, Acting Executive Director, Office of Public Defense Services, and Laura Frikert, Deputy Public Defender, and Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Christina Hutchins, Assistant Attorney General, for motion.

Before Brewer, Presiding Judge, and Deits, Chief Judge, and Kistler, Judge.

BREWER, P. J.

**BREWER, P. J.**

Defendant and the state have filed a joint motion to remand this case to the trial court for entry of an amended judgment deleting, as a condition of defendant's probation, a requirement that he complete a sex offender treatment program. We grant the motion.

In the cases underlying this consolidated appeal, defendant was convicted of giving false information to a police officer and failing to perform the duties of a driver. He was placed on probation. The state moved to revoke defendant's probation when he failed to complete sex offender treatment directed by his probation officer. The trial court treated the state's motion to revoke as a motion to modify defendant's probation and ordered defendant to complete sex offender treatment. Defendant appeals from the order imposing that condition of probation.

We accept the state's concession that the trial court erred in imposing the sex offender treatment requirement either as a general or a special condition of probation. Although, in 1990, defendant was convicted *in Colorado* of sexual assault, the court could not impose sex offender treatment as a general condition of probation because defendant was not "previously convicted of, a sex offense *under ORS 163.305 to 163.467* * * *." ORS 137.540(1)(m) (emphasis added). Moreover, the court was not authorized to impose sex offender treatment as a special condition of probation because defendant was not convicted in the present cases of a sex offense or an offense that may have involved a sexual purpose. *See State v. Mack*, 156 Or App 423, 427, 967 P2d 516 (1998) (holding that the imposition of a "sex offender package" as a special condition of probation under ORS 137.540(2) requires such a showing).

Order modifying probation vacated; remanded for entry of amended judgment deleting condition of probation requiring sex offender treatment.