Argued and submitted July 11, affirmed December 20, 2006

STATE OF OREGON,
*Respondent,*

*v.*

GORDON EUGENE McCOLLISTER,
*Appellant.*

CR040366; A127279

150 P3d 7

Frank E. Stoller argued the cause and filed the brief for appellant.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Linder, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.*

BREWER, C. J.

---

* Rosenblum, J., *vice* Richardson, S. J.

**BREWER, C. J.**

Defendant appeals from a judgment in which the sentencing court imposed a cluster of special conditions of probation commonly referred to as a "sex offender package." Defendant contends that, in imposing those special conditions, the court erred in making a factual determination that had to be submitted to a jury under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 157 L Ed 2d 309 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). We affirm.

Defendant was charged with two counts of sexual abuse in the first degree, ORS 163.427, and one count of harassment, ORS 166.065(4), for "touching [the victim's] upper inner thigh, a sexual or intimate part of [the victim]." He pleaded guilty to the harassment charge, a Class A misdemeanor, and the state dismissed the other charges. At sentencing, the court suspended the imposition of an incarcerative sentence and placed defendant on 24 months' probation. In addition, the court determined that defendant had acted with a sexual purpose in committing the offense and imposed the sex offender package as a special condition of probation.

■ Defendant appeals, arguing that the sentencing court violated his Sixth Amendment right to a jury trial when it imposed the sex offender package. Defendant's argument has two premises. First, he asserts that, because he was not convicted of a sex crime, the sentencing court could not impose the sex offender package without finding as fact that defendant acted with a "sexual purpose" in committing the offense. Second, he argues that, under *Blakely* and *Apprendi*, the factual finding that he acted with a sexual purpose had to be made by a jury and proved beyond a reasonable doubt. It follows, defendant contends, that the sentencing court erred in making that factual determination itself. Because defendant's major premise is flawed, his argument fails.

■ Here, defendant was not convicted of a sex offense, nor did he have any previous convictions for a sex offense. Therefore, the sentencing court could impose the sex offender package only as a special condition of probation—that is, only

if the condition was "reasonably related" to defendant's conviction for harassment or "the needs of the probationer for the protection of the public or reformation of the probationer." ORS 137.540(2).[1] To facilitate meaningful appellate review, a sentencing court must establish a factual record to support its imposition of a special condition of probation under that statute. *State v. Saxon*, 131 Or App 662, 664, 886 P2d 505 (1994). That record may be established by the evidence at trial. *State v. Martin*, 282 Or 583, 589, 580 P2d 536 (1978). It also can be established at the sentencing hearing. *State v. Estey*, 121 Or App 251, 253, 855 P2d 186 (1993).

At the outset, we note that defendant's major premise is a narrow one. He does not assert that the criterion that ORS 137.540(2) expressly establishes—that is, that any special condition of probation be reasonably related to his crime of conviction or his particular needs for public protection or reformation—must be determined by a jury. Nor does he assert that the record in this case was insufficient to satisfy that criterion. Instead, he argues that our holding in *State v. Mack*, 156 Or App 423, 967 P2d 516 (1998), requires a sentencing court to find, as a predicate for imposing a sex offender package as a special condition of probation, that, in committing the offense, the defendant acted with a sexual purpose. Defendant is mistaken.

At issue in *Mack* was whether the evidentiary record was sufficient to support the imposition of a sex offender probation package where the defendant was not convicted of a sex offense. We held that, although the court had discretion to impose special conditions of probation, the record must support the imposition of any such conditions. *Id.* at 427-28. We further held that, because the defendant was not convicted of a sex offense, "there must be some evidence from which a reasonable inference arises that [the defendant] acted with a sexual purpose." *Id.* at 429. We also stated:

---

[1] ORS 137.540(2) provides, in part, that, "[i]n addition to the general conditions, the court may impose any special conditions of probation that are reasonably related to the crime of conviction or the needs of the probationer for the protection of the public or reformation of the probationer, or both * * *."

"Thus, the trial court had to find that defendant acted with a sexual purpose before it could impose a sex offender package as a condition of probation in this case. Otherwise, the imposition of the sex offender package as a condition of probation would not be reasonably related to the crimes of conviction."

*Id.*[2] Because the record in that case did not establish that the defendant had acted with a sexual purpose, we remanded the case for resentencing. *Id.* at 429.

Contrary to defendant's understanding, *Mack* does not require, as a foundation for imposing a sex offender probation package as a special condition of probation, a particularized finding of fact that the defendant acted with a sexual purpose. To be sure, where the state asserts that the sex offender package is reasonably related to the defendant's crime or conviction, "there must be some *evidence* in the trial record from which one could reasonably infer that the defendant acted with a sexual purpose." *State v. Phillips*, 206 Or App 90, 98, 135 P3d 461, *rev den*, 341 Or 548 (2006) (emphasis added). However, our statement in *Mack* that the sentencing court "had to *find* that defendant acted with a sexual purpose," must be read with an eye toward the text of ORS 137.540(2) and other decisions construing it. 156 Or App at 429 (emphasis added). By its terms, the statute requires a defendant's offense or his or her needs for reformation or protection of the public to be "reasonably related" to any special probationary conditions that the sentencing court imposes. The statutory text does not refer, either expressly or by implication, to a findings requirement.

This court and the Supreme Court have interpreted the statute in a straightforward way. We have said that, in making the statutory determination, it is *"not* necessary * * * for the court to list the reasons why it found the special condition appropriate." *Estey*, 121 Or App at 253 (emphasis added). That is so because the evidentiary record permits an

---

[2] *See also State v. Bourrie*, 190 Or App 572, 573, 80 P3d 505 (2003) (vacating special probation conditions requiring sex offender evaluation and treatment because "no evidence was presented that defendant acted with a sexual purpose"); *State v. Flicker*, 185 Or App 666, 668, 60 P3d 1155 (2003) (accepting the state's concession that the trial court erred in imposing a sex offender package where the defendant's offense did not involve a sexual purpose).

"appellate court [to] test the [special condition of probation] for compliance with ORS 137.540(2)." *Id.* In *Martin*, the court explained:

> "An appellate court can test conditions of probation for compliance with [the legislative] standard only if the sentencing court makes a record. Such a record need not be exhaustive, and often the facts brought out in the criminal trial will themselves be an adequate record to show that the conditions of probation are appropriate."

282 Or at 589.[3]

Thus, when properly understood, our statement and, indeed, our holding in *Mack*, refer to the need for *evidence* of a reasonable relationship between a sex offender probation package and the purpose underlying the defendant's offense. *Mack* does not undercut the longstanding holdings of *Estey* and *Martin* that the evidentiary record, not particular findings of fact, must support the imposition of special conditions of probation. In short, there is nothing in the text of ORS 137.540(2) or the case law construing it that requires particularized factual findings to justify the imposition of any special condition of probation, including a sex offender package for a defendant convicted of a nonsex offense.

It follows that *Apprendi* and *Blakely* do not assist defendant in this case. The principles enunciated in those cases apply only to circumstances in which the sentencing court's authority to order a particular sentence "depends on finding [additional facts not decided by the jury]." *Blakely*, 542 US at 305; *see also State v. Dilts*, 337 Or 645, 652, 103 P3d 95 (2004) ("The trial court had authority to impose the upward departure *only* because it made additional findings of fact. That is precisely the procedure that the Court in *Blakely* found did not comply with the Sixth Amendment's jury trial guarantee." (Emphasis in original.)). Here, the sentencing court's authority to impose the challenged special conditions did not depend on its making the particularized finding that defendant argues had to be made by a jury.[4] Therefore, in

---

[3] In *Mack*, we cited both *Estey* and *Martin* with approval, albeit with respect to different points of law. *Mack*, 156 Or App at 428.

[4] The fact that the sentencing court actually made such a finding does not alter our analysis.

imposing the challenged special conditions of probation, the sentencing court did not infringe on defendant's Sixth Amendment right to a jury trial.

Affirmed.