406 May 7, 2025 No. 414

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AIMEE KATHERINE HIGHT,
*Defendant-Appellant.*

Washington County Circuit Court
22CR62508; A181879

Eric Butterfield, Judge.

Submitted April 3, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Peter G. Klym, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

## JACQUOT, J.

Defendant was convicted by a jury of attempted delivery of marijuana to her 15-year-old daughter, ORS 161.405 (2)(e) and ORS 475C.345(3)(b)(B), and appeals a judgment sentencing her to two-years of probation. Defendant assigns error to the imposition of a special condition of probation that prohibits her from having contact with her daughter without the prior written permission of her supervising officer. We conclude that this error is not preserved and affirm.

On appeal, defendant argues that the special condition stating that "defendant shall not attempt to have contact or have direct or indirect contact with the victim[] *** without the prior written permission of the supervising officer" unduly restricts her constitutionally protected liberty interest in associating with her family members. *See Troxel v. Granville*, 530 US 57, 65, 120 S Ct 2054, 147 L Ed 2d 49 (2000) (plurality opinion) ("The liberty interest at issue in this case—the interest of parents in the care, custody, and control of their children—is perhaps the oldest of the fundamental liberty interests recognized by this Court."). Defendant argues that this condition is overbroad because it infringes on defendant's fundamental right to associate with her daughter and was not "reasonably related to the crime of conviction or the needs of the probationer for the protection of the public or reformation of the probationer ***." ORS 137.540(2); *State v. Mack*, 156 Or App 423, 427-28, 967 P2d 516 (1998). She argues further that even if the condition was reasonably related to the purposes of probation, the trial court did not make a record that it considered less restrictive alternatives. *See State v. Martin*, 282 Or 583, 589, 580 P2d 536 (1978) ("[T]he sentencing court should have determined from the record whether as a matter of fact the spouse would be a bad influence so as to endanger rehabilitation or public safety and, if so, what interference with marital rights less than complete separation would serve to protect society's interests."); *State v. Saxon*, 131 Or App 662, 664-65, 886 P2d 505 (1994) (trial court erred in imposing a condition of probation prohibiting the defendant from having contact with her husband for five years without making a record considering availability of a less intrusive alternative restriction).

We conclude that this this claim of error is not preserved. We note that defendant did not raise an objection when, after imposing the challenged condition, the court directly inquired of defense counsel whether it "neglected anything from your point of view." This suggests that the trial court would be "surprise[d]" if it found itself reversed on this issue. *State v. Skotland*, 372 Or 319, 329, 549 P3d 534 (2024). During the sentencing hearing, defense counsel explained to the court that, while the criminal charges were pending, defendant "has not seen her daughter in nine months. * * * [I]n her eyes, that is the greatest punishment that could happen." Defendant also expressed to the court that she deeply values her relationship with her daughter, that the relationship is central to her well-being, and that her house is "not a home" without her daughter. Although these statements to the court expressed defendant's suffering resulting from the prior separation from her daughter and her profound grief when faced with the potential loss of the relationship in the future, we conclude that they do not raise the overbreadth challenge to the condition of probation that defendant now raises on appeal. *See State v. Serven*, 265 Or App 614, 615, 335 P3d 875 (2014) (objection on different ground did not preserve claim that special condition was overbroad).

Defendant requests plain error review. To constitute plain error, the claimed error must be apparent, meaning that "the legal point is obvious, not reasonably in dispute." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). It is not obvious that the challenged condition is not reasonably related to the rehabilitation of defendant: the court explained that its goal in imposing probation was "to try to encourage you to get the services and supports that you need to be healthy, and hopefully, better parenting resource, eventually, for your children." Moreover, it is not obvious that the challenged condition is overbroad: the prosecution requested "no contact," and the record supports an inference that the trial court considered and adopted a less restrictive probation condition that limits but does not foreclose contact between defendant and her daughter. We conclude that the error is not plain.

Affirmed.